Wilde, J.,
delivered the opinion of the Court.
[After stating the principal facts in the case.]—It is a well-settled principle, that the death of either the landlord or tenant will operate as a determination of an estate at will. [1 Cruise’s Digest, 273.] The defendant’s estate was therefore determined by the death of Thomas Hanchet; and as he had notice to quit, by the grantees of one of the heirs, he would be considered as a trespasser, if ho *229 retained possession after a reasonable time allowed him to remove, unless he could justify under some other title.
The title he sets up is a parole lease for a year from one Gideon Stiles, one of the heirs at law of Hanchet, made in April, 1818 ; and the question is, whether this was a valid lease; and if it was, whether his estate was determined previous to the time of the supposed trespass.
The only objection made to the validity of the lease is, that the lessor had no right to bind his co-tenants; and that this, being a lease of a part of the land held in common, is voidable by any of the co-tenants. If this objection is well founded, then the entry of Ebenezer H., one of the co-tenants, in July, and the delivery of seisin and possession to the plaintiffs, would have the effect to make void the lease.
*The Court, however, are of opinion, that this objec- [ * 285 ] tian is not well founded. All the tenants in common have an equal right to the possession of thé land held in common, and may occupy it themselves; or any one of them may authorize a stranger to occupy under him. It is true, that a grant of a part of the common property by a tenant in common has been held to be voidable by the co-tenants. But the ground of that decision does not affect the present question. A parole lease from a tenant in common does not affect the estate of his co-tenant, nor can it have any legal operation to prevent the co-tenant from having partition, and holding in severalty his full share of the common property.
In the case of Varnum vs. Abbot Al. [12 Mass. Rep. 447], the court, speaking of a conveyance in fee of a tract of land by a tenant in common, say, “ The only objection, which ever existed to the conveyance, arose from the injury it might do his co-tenant;” and again, “ As the grantor himself has no right, on a partition, to select any particular portion of the land, and to insist on having his purparty set off in that specific portion, so he cannot convey such a right to his grantee.” But before partition, each joint tenant, or tenant in common, has a right to occupy any part of the common property, and may assign such possessory right to a stranger. He may even occupy the whole, without being a trespasser. In 2 Co. 68, and Cro. Eliz. 803, it is laid down as a general principle, that one joint tenant cannot prejudice his companion in estate, or as to any matter of inheritance or freehold; although as to the profits of the freehold, as the receipt of rent, &c., the acts of one may prejudice the other. And this distinction is noticed with approbation in the case of Bartlet vs. Harlow [12 Mas-Rep. 353].
*230 For these reasons, we consider the lease from Stiles to the defendant as valid in law; but by the statute of 1783, c. 37, § 1, it passed only an estate at will. And it remains to be considered whether this estate was determined before the time of the supposed trespass. ' f * 286 ] *It has been argued that the entry of Ebenezer H., in July, 1818, and the conveyance of his share to the plaintiffs, accompanied with the delivery of seisin and possession to them, operated as a legal determination of the defendant’s estate; and if such entry and conveyance had been made by Stiles the lessor, such would have been their operation. For any act of ownership, exercised by the lessor on the land, which is inconsistent with the nature of an estate at will, will operate as a determination of it. Thus, if the landlord enters on the land demised, and cuts down trees, or makes a feoffment, or lease for years, to commence immediately, the estate at will is thereby determined.—1 Cruise, Tit. 9, c. 1, § 18.—Co. Lit. 55 b.
But Ebenezer H. was not the defendant’s lessor, not had he any power to determine an estate at will derived from the demise of Stiles; or if he had, his grant would not have had the operation contended for. He conveyed to the plaintiffs only an undivided fourth part; and such grant is not inconsistent with the defendant’s claim to hold under Stiles. If Ebenezer H. or the plaintiffs had been ousted, and had brought ejectment, they could only have recovered their proportion; and the defendant would have been left in the legal possession of the residue. It is manifest, therefore, that the estate of the defendant, so far as he lawfully held under Stiles, was in no respect affected, either by the entry and grant of Ebenezer H., or by the notice from the plaintiffs to quit, which was made previous to the partition between the heirs. That partition was made on the 18th of December; and then, we think, and not before, the estate at will was determined.
But it does not appear that the defendant had any notice of this partition; and without notice expressly proved, or which may be legally presumed, his holding over cannot be considered as a trespass. “ The law is careful,” says Judge Blackstone, “ that no sudden determination of the will, by one party, shall tend [ * 287 ] to the manifest * and unforeseen prejudice of the other.” 2 El. Com. 146. If, therefore, the rent be payable quarterly, and the lessee determines his will before the rent becomes due, he shall, nevertheless, pay rent to the end of the current quarter ; otherwise the lessor might lose his rent. Salk. 413. And if the lessor determines his will after the tenant has sowed the land, the lessee shall not thereby be deprived of his emblements. Co *231 Lit. 56. So if the lessor determines his will, the lessee shall have reasonable ingress and egress, to carry away his goods and utensils. 2 Bl. Com. UK.—Lit. <§>69.
It may be fairly inferred from these principles, that when an estate at will is determined by an event not within the knowledge of the tenant, his holding over will not amount to a trespass. Suppose, for example, that the estate at will is determined by the death of the lessor in a distant country, or by his conveyance of the land, of which the tenant can by no possibility have notice at the time of such death or conveyance; it would hardly be contended that the tenant, by holding over, becomes a trespasser. For as the law allows him a reasonable time to remove, after notice given him to quit, he cannot be bound to quit without notice.
In the case of Parker vs. Constable [3 Wils. 25.], it was resolved that half a year’s notice to quit must be given to a tenant at will, before the end of which time ejectment against him would not lie; and it is there said that the same point had been ruled in the case of Tasker vs. Burr. Such seems to be the rule in England; and although I am not aware that the same rule has ever been adopted in this state, yet the principle on which it is founded, that the tenant shall have reasonable notice of the determination of an estate at will, is a principle of the common law, arising from the peculiar nature of such a tenure, and is indispensable in order to constitute him a trespasser by holding over (1).
* There is, however, another principle of law, which [ * 288 ] would be fatal to the plaintiff’s action, even if they would remove these difficulties. On the determination of the estate at will, the defendant became tenant at sufferance, and an action of trespass will not lie against a tenant at sufferance, before entry by the landlord. This doctrine is laid down by Lord Coke [1 Inst. 57], and by Blackstone [2 Corn. 150], and seems to be well established. “ If a man,” says Blackstone, “ makes a lease at will and dies, the estate at will is thereby determined. But if the tenant continueth possession, he is tenant at sufferance. This estate may be destroyed, whenever the true owner shall make an actual entry on the lands, and oust the tenant; for before entry he cannot maintain an action of trespass against the tenant by sufferance, as he might against a stranger; and the reason is, because the tenant being once in by a lawful title, the law (which presumes no wrong in any man) will suppose him to continue upon a title equally lawful; unless the owner of the land, by some public and avowed act, such as entry is, will declare his continuance to be tortious.”
*232 According to this principle, it would seem that the tenant is not liable to an action of trespass, even after notice to quit. But whether this is so or not, we are not now called upon to determine; since in the case at bar there was no entry or notice by the plaintiffs, after their title was completed by the deeds of release in pur suance of the partition.
Mills, jun., for the plaintiffs.

Judgment on the verdict.

 [Vide Ellis vs. Page & Al., 1 Pick. 43.—Coffin vs. hunt, 2 Pick. 71.—Revised Statutes, c. 60, § 26--Ed.]