## Jeduthun Doty *versus* Jabez Gorham *et al.*

Where a shop placed on land of the plaintiff with his permission, was sold on an execution against the owner, it was held that the purchaser had a right to enter upon the land and remove the shop.

In an action of trespass for such entry against the purchaser and his assistants, the defendants, in support of their justification, may give in evidence the execution and return, without proving that the person levying the execution was an officer *de jure* ; and it is immaterial that he is one of the defendants.

This was an action of trespass, in which the plaintiff alleged that the defendants entered his close, destroyed his fence, and removed a shop which was his property. The defendants pleaded the general issue, and that the shop was the property of Gorham, which stood upon the close by the plaintiff's permission, and that Gorham, and the other defendants as his servants, entered the close and removed the shop, doing to the plaintiff as little injury as possible. The plaintiff traversed the allegation of property in Gorham ; upon which issue was joined.

At the trial, before *Morton* J., the defendants produced evidence tending to show, that formerly the shop was the property of one Coombs, and that he moved it on the *locus in quo* and occupied it there by the plaintiff's permission. They then produced a judgment and execution in favor of one Haskell against Coombs, and also the levy of this execution upon the shop, and the regular sale of the shop to Gorham by Bassett, one of the defendants, as a constable. No evidence of the appointment and qualification of Bassett was produced, and for this reason the plaintiff's counsel objected to the admission of the execution and Bassett's return upon it. But the objection was overruled ; and the jury were

488

Doty
v.
Gorham.

instructed, that if the shop was the property of Coombs, ar.d he placed and continued it upon the plaintiff's close by his permission, and the property was legally transferred to Gorham, then Gorham had a right to enter with necessary aia upon the plaintiff's close and remove the shop, doing as little damage as possible by the entry and removal. To this direc tion the plaintiff excepted.

The jury returned a verdict for the defendants; but if the execution and return were improperly admitted, or if the foregoing instruction was erroneous, a new trial was to be granted; otherwise judgment was to be rendered upon the verdict.

*Oct. 26th.*    *Wood,* for the plaintiff, insisted upon the objections made at the trial. And as to the admission of the execution and return, he said that where an officer justifies in trespass, he must aver that he was an officer, and the allegation is traversa ble. 2 Chit. Pl. 539. Here the officer is made a party to the action. If it was not incumbent on the defendants to show his appointment, then any one who is not an officer may make a valid levy of an execution.

489    *Holmes* junior, *contrà,* referred on this point to 3 Stark. Ev. 1357; *Potter* v. *Luther,* 3 Johns. R. 431; 16 Vin. Abr. 114; 3 Cruise's Dig. 159, *tit.* 25, § 74; *Doe* v. *Brawn,* 5 Barn. & Ald. 243; *Nason* v. *Dillingham,* 15 Mass. R. 170; *Bucknam* v. *Ruggles,* ibid. 180.

*May term 1828, in Plymouth.*    MORTON J. delivered the opinion of the Court. The shop was a chattel liable to attachment and seizure, and Gorham, the principal defendant, acquired a good title to it by his purchase under the constable's sale on the execution.[1] The only objection to the validity of the sale is, that it was not proved on the trial, that the person who made. it was legally elected and qualified to act as constable. It would be pro- ductive of great inconvenience to require purchasers at offi- cers' sales to inquire into the regularity of the appointments and qualifications of those assuming to act as such. Titles acquired under the proceedings of sheriffs and constables

---

[1] See *Aldrich* v. *Parsons,* 6 N. Hamp. R. 555; *Harris* v. *Gillingham,* id 11; *Wells* v. *Bannister,* 4 Mass R. 514.

496

cannot be made to depend upon the purchasers' ability to prove that they were officers *de jure* as well as *de facto*. *Fowler* v. *Bebee*, 9 Mass. R. 231 ; 15 Mass. R. 170 ; ibid. 180, [Rand's ed. 183, n. *a* ;] 5 Barn. & Ald. 243. The fact that one of the defendants, who acted as the servant of the purchaser, was the officer who made the sale, can make no difference in the application of this principle. He cannot be holden to prove his title to his office in an action in which no complaint is made against him for any official act.

The defendant Gorham having shown a valid title to the shop, the only question remaining is, whether he had a right to enter upon the plaintiff's close and remove it. The act was a trespass, unless such right may be inferred from the facts in the case.

Coombs, the debtor, having placed the shop upon the plaintiff's soil by his permission, was tenant at will of the land on which it stood. He had not only a right in the soil covered by the building, but also a right of ingress and egress over the plaintiff's close to and from the highway, as necessary to the enjoyment of the shop.[2] There is no evidence of the determination of this tenancy at will. The shop being erected for the purposes of trade, the tenant had a right to remove it at any time during the continuance of the estate. *Elwes* v. *Maw*, 3 East, 52. And had the landlord determined the estate, the tenant would have been entitled to sufficient time to remove his shop and other property. *Rising* v. *Stannard*, 17 Mass. R. 282 ; *Ellis* v. *Paige*, 1 Pick. 43.[1] The debtor, therefore, might rightfully have removed the shop while he continued to own it ; and Gorham having acquired his property in the building and his right to the enjoyment of the soil, was guilty of no trespass in entering with the other defendants as his servants, and removing the shop.

*Judgment according to verdict.*

---

[2] See 3 Kent's Comm. (3d ed.) 421, and n. (*d*).
[1] See *Whiting* v *Brastow*, 4 Pick. (2d ed.) 311, n. 3.