AARON PORTER *vs.* WILLIAM P. HOOPER *&* al.

One tenant in common of a saw-mill cannot maintain an action of trespass *quare clausum* against a co-tenant for his entry into the entire common property, and exclusive occupation thereof.

Trespass for mesne profits cannot be maintained by one tenant in common against another without an actual ouster.

THIS was an action of trespass *quare clausum,* and came up on exceptions from the Court of Common Pleas.    The plaintiff in his declaration alleged, that he owned one sixth part in common of the saw-mill, called the Gooch mill, in Biddeford; and that the defendants, on the first day of *February,* 1830, entered into said mill, deforced the plaintiff, and kept him out of the use and occupation of his one sixth thereof from that time until the thirty-first day of *October,* 1831.

At the trial before *Whitman, C. J.* the plaintiff offered to prove the allegations made in his declaration ; that he had sustained injury thereby ; and that the defendants surrendered up to the plaintiff the occupation of his one sixth part of the mill, on said 31st of *October,* 1831.    The plaintiff admitted, that the defendants, before and during the time aforesaid, were owners in common with the plaintiff and others in the same mill ; and " that they held the same mill and privilege before said deforcement, as

such property is usually held." The Judge ruled, that on this evidence and admission, the action could not be maintained, and directed a nonsuit, to which the plaintiff excepted.

*Mellen* and *D. Goodenow,* for the plaintiff, coutended, that this action of trespass *quare clausum,* would lie, if the plaintiff on these facts could maintain an action of tort in any form. The *stat.* of 1835, *ch.* 700, *sec.* 1, is broad enough to include all actions of tort, and the form has now become wholly immaterial. The legislature have abolished all distinctions between actions of trespass *quare clausum,* trespass, and trespass on the case.

The case shews, that the plaintiff has been forcibly kept out of the possession and enjoyment of his property a long time by the defendants, and is entitled to a remedy in some mode. This is the proper one. A writ of entry, or ejectment, will lie, where one tenant in common deforces another, *Higbee* v. *Rice,* 5 *Mass. R.* 344 ; 1 *Chitty on Pl.* 145, 192 ; *Goodtitle* v. *Tombs,* 3 *Wilson,* 118 ; *Barnitz* v. *Casey,* 7 *Cranch,* 456. Where a writ of entry, or ejectment, can be supported, trespass *quare clausum* will lie.

As the defendants kept the plaintiff out of possession for a long time and then permitted him to enter ; this may be rightly considered, as an action of trespass for the mesne profits. These actions are but legal fictions to try the merits of the case. *Cummings* v. *Noyes,* 10 *Mass. R.* 433. And it lies as well between tenants in common, as between strangers. 1 *Chitty on Pl.* 53, 67. The restoration of the possession to the plaintiff may be considered equivalent to a judgment in his favor ; and trespass for mesne profits will lie after judgment without an entry. *Winkley* v. *Hill,* 6 *N. H. Rep.* 391. If the right is settled without a judgment, that ought not to deprive the party of his remedy for mesne profits.

The case also shews, that this mill was owned by several, and was occupied, as such mills usually are. This occupation is well understood to be by specified days or turns allotted to each ; and this allotment may be proved by parol. *Porter* v. *Perkins,* 5 *Mass. R.* 233. The action may therefore be maintained for this keeping of the plaintiff out of the enjoyment of his allotted days.

The plaintiff is entitled to some remedy, and this is the only one pertinent. Assumpsit will not lie. *Porter* v. *Hooper & al.* 2 *Fairf.* 170; *Wiggin* v. *Wiggin*, 6 *N. H. Rep.* 298; 3 *Starkie on Ev.* 1513; *Wyman* v. *Hook*, 2 *Greenl.* 336; *Allen* v. *Thayer*, 17 *Mass. R.* 299; *Hawkes* v. *Young*, 6 *N. H. Rep.* 300.

*J. Shepley*, for the defendants. When this case is divested of what is mere matter of form, nothing remains, saving that the defendants did not choose to give up the possession, which they then had, to the plaintiff, and suffer him to enter into the exclusive occupancy in their stead. From the very nature of the property both parties could not occupy it at the same time. This is a mere question, whether one tenant in common of a saw-mill can maintain an action of trespass *quare clausum* against his co-tenant for an entire occupation of the common property. That he cannot is settled in very many cases. Among them are *Blanchard* v. *Baker*, 8 *Greenl.* 270; *Cutting* v. *Rockwood*, 2 *Pick.* 444; *Rising* v. *Stannard*, 17 *Mass. R.* 282; *Keay* v. *Goodwin*, 16 *Mass. R.* 4.

Nor has the statute cited, either in letter or in spirit, any reference to the action of trespass *quare clausum* That statute merely says, " That in all actions of *trespass and of trespass on the case, the* declaration shall be deemed equally good and valid to all intents and purposes, whether the same shall be, in form, an action of trespass or trespass on the case." It was only intended to do away the nice distinctions in the books between trespass and trespass on the case turning on the question, whether the injury was direct or consequential.

It has been argued, that this may be considered an action for mesne profits. It might be sufficient to say, that this is not an action of that character. But if it had been, the action could not have been maintained until after a judgment of court determining the rights of the parties. No such judgment is pretended to be in existence.

It is also said, that trespass *quare clausum* will lie, where a writ of entry, or ejectment, can be maintained. This is denied. There are many cases where one tenant in common may elect to consider himself disseised by another in order to try his right,

when no action of trespass *quare clausum* can be maintained. It has been held, that a writ of entry will lie, where one denies the title of his co-tenant, and yet no one would pretend, that on such evidence an action of trespass could be maintained. But if the proposition were made out, the cases cited do not shew, that a writ of entry could be maintained on the facts appearing in this case.

The action was continued *nisi*, and the opinion of the Court afterwards drawn up by

WESTON C. J. — If one tenant in common ousts his companion, the party injured may vindicate his right in a real action. And it was decided in the case of *Goodtitle* v. *Tombs*, 3 *Wilson*, 118, that after having obtained judgment in ejectment, he might maintain an action of trespass for mesne profits ; but the opinion of the court was founded upon the judgment, as evidence of an actual ouster, from the time of the demise until it was rendered.

In *Fairclaim* v. *Shackleton*, 5 *Burrow*, 2604, it was held that the receipt of the whole profits of an estate by one tenant in common, for a period of twenty-six years, without accounting to his companion, did not amount to an actual ouster, which is in other words a disseisin. That decision had the effect to protect the other co-tenant from being barred by the *statute of limitations*. But it is an authority to show that an actual ouster is an adverse holding, accompanied with acts or declarations, indicating a denial of the title of the other co-tenant. If, however, the facts in that case, had not been qualified by the circumstances adverted to in the opinion of the court, they might have been left to the jury, as evidence of an actual ouster. In *McClung* v. *Ross*, 5 *Wheaton*, 116, the court held, that although one tenant in common may oust his co-tenant and hold in severalty, yet that a silent possession, accompanied with no act, which can amount to an ouster, or give notice to his co-tenant that his holding is adverse, ought not to be construed into an adverse possession.

In *Doe* v. *Prosser*, *Cowper*, 217, a sole and uninterrupted possession by one tenant in common for thirty-six years, without any account to, or demand made, or claim set up by his compan-

ion was regarded as sufficient evidence for a jury to presume an actual ouster of the co-tenant. And *Lord Mansfield* held, that if one tenant in common in possession denies the title of his companion. his possession becomes adverse, and amounts to an ouster. And undoubtedly an ouster may be proved by any competent evidence, of a character to satisfy a jury that the tenant in possession claims to exclude his companion altogether. Nothing short of this can constitute an actual ouster or disseisin. Whether if such ouster or disseisin is purged by entry, the party injured may thereupon maintain trespass for the mesne profits, as he might after he had obtained judgment at law for possession, it is not necessary to decide in this action. Nor is it necessary to determine whether the deforcement, of which the plaintiff complains, while it existed, might not have been treated by him, as an ouster or disseisin at his election, for the sake of the remedy by a writ of entry, it being the opinion of the Court, that trespass for the mesne profits cannot be maintained without an actual ouster, if it can without previously obtaining judgment at law for possession.

The declaration does not charge the defendants with having ousted or expelled the plaintiff from his freehold, but with having held him out of the use and occupation of his proportion of the mill and privilege, from the first of *February*, 1830, for the period of one year and nine months. And the plaintiff offered to prove at the trial, that the defendants so held him out, until they surrendered his proportion to him in *October*, 1831. There is nothing either alleged, or proposed to be proved, like an actual ouster or denial of the plaintiff's title. The injury then consists in the defendants' entry and exclusive occupancy for the period charged. And this is not a trespass. The defendants, if they had not been the major owners, had an equal right to the possession with the plaintiff. In *Rising et al.* v. *Stannard*, 17 *Mass.* 282, the court say, that before partition, each "tenant in common has a right to occupy any part of the common property, and may assign such possessory right to a stranger. He may even occupy the whole, without being a trespasser." His co-tenant may be prejudiced by his exclusive occupancy, but he cannot charge him as a wrongdoer.

---

The plaintiff's remedy consisted in his right to take possession of the whole himself, if he could do it peaceably.  Or he might maintain an action of account, or even of assumpsit against the defendants, if they had received more than their proportion of the profits.  In the former action between these parties, 2 *Fairf.* 170, the court do not deny, that if the defendants had received more profits than they had a right to retain, it might have been recovered under the count for money had and received.

If the defendants had removed any of the plaintiff's timber or boards from the mill, or its appurtenances, where he had an equal right to place them, or had taken any of the common property from him, while in his use, or had actually expelled him from the premises, they would have been trespassers; but no averments are made, or proof offered to this effect.

If it had appeared, that there had been an allotment to the plaintiff for a certain period of part of the mill, if it could have been practically and beneficially done, and the defendants had entered upon his part, within the period limited, we doubt not the plaintiff could have maintained trespass *quare clausum* against them.  *Welden* v. *Bridgewater*, *Cro. Eliz.* 421.  And we perceive no reason why he might not have done so, if there had been legally assigned to him the whole mill, for any certain and definite time, and they had entered, while he was entitled to the several and exclusive occupancy.  But this does not appear ; nor can we regard it as deducible from the fact, admitted by the plaintiff, that the parties were tenants in common of the premises in controversy, and that they held it, as such property is usually held.  We are not aware of any settled usage, in regard to the occupancy of mills owned in common, of which we can take judicial notice.  If the plaintiff would charge the defendants with any trespass, upon his right to occupy in severalty, he should have proved, or have offered to prove it affirmatively.

Upon the whole, as the case is presented, the opinion of the Court is, that the nonsuit was properly ordered.

*Exceptions overruled.*