JOHN BICK, Respondent, v. WILLIAM P. HILL, Appellant.

Kansas City Court of Appeals, November 7, 1887.

1. TENANT AT WILL—RIGHT OF TO MAINTAIN TRESPASS.—A tenant at will may maintain trespass against a stranger, who wrongfully interferes with his possession, and against any one who commits a nuisance, or other injury, interfering with the comfort or convenience of his enjoyment of the premises ; but not for any injury to the reversion, although he be under contract to purchase, which is subsequently consummated by a conveyance.

2. ―――― CASE ADJUDGED.—The plaintiff having contracted with the defendant for the purchase of the lot in question, and claiming to have entered into the possession thereof under a parol contract with the defendant, the defendant is not to be regarded, in this case, as a stranger, although the deed was to come from another. The defendant was the plaintiff's landlord until the contract was consummated by the payment of the purchase money.

APPEAL from Audrain Circuit Court, HON. E. M. HUGHES, Judge.

*Reversed.*

Statement of case by the court.

This action was instituted in a justice's court. It was founded on an account filed with the justice, embracing various items of the nature of merchandise, or drugs. Among these items is the following : " To 50 bbls. water out of well, $25.00."

As the balance of the account was admitted to have been paid, the whole controversy is as to the item for water. On the trial in the circuit court, the plaintiff's evidence tended to show that, in July, 1886, he contracted with defendant for the purchase of a lot in the town of Rush Hill, in Audrain county. The price agreed upon was fifty dollars; that he executed to de-

fendant his promissory note therefor, payable in January, 1887, with interest from maturity.

It seems that the title to this lot was in Britton A. Hill, of St. Louis, the father of defendant, who defendant agreed should make the deed. On this lot was a well of water. The plaintiff testified that he was to have possession of the lot on the completion of the verbal contract. He claimed that he took possession of the property by hauling some thirty or forty oak poles onto the lot, and by putting some wagons and buggies thereon, to keep them off the street.

The plaintiff was permitted, over the objection of defendant, to show by witnesses that during that summer he had given them permission to take water from this well; and, also, to prove by these witnesses what they had paid for water that summer.

The defendant admitted the verbal contract of the sale of the lot, but testified that possession of the lot was not to be surrendered to plaintiff until the note was paid and deed delivered; that, as son and agent of the owner, he had control and possession of the lot; and that he never surrendered the possession to plaintiff until after the deed was made and delivered, which was some time after the alleged trespass. His evidence further tended to show that there were no evidences of any occupation of this lot, by plaintiff, at the time the water was taken by him; that, after the contract in question, he placed a lock on this well, and locked it up; that, shortly after this, some one removed his lock, and placed another thereon, which he displaced.

Defendant offered in evidence the deed from Britton A. Hill to plaintiff, for the purpose of showing the date of delivery. The court excluded this evidence.

The court, of its own motion, gave the jury the following instruction:

"That in this case the burden of proof rests upon the plaintiff to show to the reasonable satisfaction of the jury, from the evidence in the case, that the plaintiff,

by the permission of defendant, as agent of the owner, went into the use and occupancy of the lot mentioned in the evidence, by exclusively exercising such acts of control over the said lot as were consistent with the character and condition of said lot, and inconsistent with the actual use of said lot by others, and that the defendant, or others by his direction, on or about the twelfth day of August, 1886, while the plaintiff was in such possession, as above described, entered upon said lot and removed therefrom water, to the damage of the plaintiff. If the plaintiff has shown such facts as above stated, to the reasonable satisfaction of the jury, from the evidence in the case, then the jury will find a verdict for the plaintiff. If the plaintiff has shown such facts as above stated, to the reasonable satisfaction of the jury, from the evidence in the case, then the jury will find a verdict for the plaintiff, for the value of the water so removed. If the plaintiff has failed to show such facts, the verdict will be for the defendant.''

The jury returned a verdict for the plaintiff. The defendant prosecutes this appeal.

ORLANDO HITT, for the appellant.

I.   The action was on an implied contract for the value of the water taken out of the well, and to sustain the same it should have been proved that the title to the lot on which the well was, was in plaintiff at the time of such taking. If plaintiff had shown lawful possession of the lot an action of trespass, *quare clausum fregit*, might have been sustained, but the suit being for the value of the water, plaintiff should have shown that he owned it at the time it was taken. A party merely in the possession of property (if plaintiff was in the possession) cannot maintain an action for its value as against the legal owner, or one representing the legal owner.

II.   Where two parties are disputing as to the possession of realty, the possession is in him who has the title, and the other is a trespasser. In this case the de-

fendant was representing and acting as the agent of Britton A. Hill, who had the title. Smith's Leading Cases [7 Ed.] top p. 637, side p. 471; *Ware v. Johnson*, 55 Mo. 500; *Moore v. Perry*, 61 Mo. 174.

III. The title to the lot and water did not vest' in plaintiff until the delivery of the deed to him, and his action being on an implied contract for the value of the water taken, the court erred in excluding the testimony as to when the deed was delivered, the presumption being that plaintiff was not even in possession of the lot or water until the deed was executed, and a deed is not executed until delivered. *Lydick v. Holland*, 83 Mo. 703; *Allen v. Richards*, 83 Mo. 55.

IV. The court erred in refusing to permit the deed of Britton A. Hill to plaintiff of the lot referred to, to be read in evidence for the same reasons as stated in point III; and further, because the date and acknowledgment of said deed was presumptive evidence of the time of its delivery.

V. The motion in arrest of judgment should have been sustained for the reason that the action was upon an implied contract for the value of the water; hence involved and brought in issue the title to the lot on which the well was; and the well being a part of the realty and of the lot, the magistrate had no jurisdiction of the cause and neither had the circuit court, upon an appeal from the magistrate's court. The water was taken directly from the well to the wagon, not taken out, set on the ground and afterwards hauled away. Rev. Stat. sect. 2837.

No brief for the respondent.

PHILIPS, P. J.—The contract under which the plaintiff claims to have entered into the possession of the premises being by parol, without any memorandum in writing, his relation to the possession was merely that of a tenant at will. He was not entitled to demand a deed.

until he paid the purchase money; and the vendor could have maintained ejectment against him after the maturity of the note, had he failed to pay the same. Tyler on Ejectment, sects. 558, 559, 565; *Hotiling v. Hotiling,* 47 Barb. 163.

Such a tenant may maintain trespass against any stranger who wrongfully interferes with his possession; and against any one who commits a nuisance, or other injury, interfering with the comfort or convenience of his enjoyment of the premises; "but not for any injury to the reversion, although he is under a contract to purchase, which is subsequently consummated by a conveyance." Wood's Land. and Ten., sect. 17.

So it is said in *Richardson v. Thornton* (7 Jones L. [N. C.] 458): "The obligee in a bond to make title to land, who goes into possession under a parol agreement that he is to occupy the premises till the money become due, is but a tenant at will to the obligor, and cannot maintain ejectment or trespass against the latter, or one taking title from him."

In *Turner v. Bennett* (9 M. and W. 643), Lord Denman, C. J., said: "The intent of an entry, by the landlord, is undoubtedly in many cases important, but in the case of a tenancy at will, whatever be the intent of the landlord, if he do any act upon the land for which he would otherwise be liable to an action of trespass at the suit of the tenant, such act is a determination of the will, for so only can it be a lawful and not a wrongful act." Pursuant to this principle it is held that if the landlord enter upon the premises without the tenant's consent, and cut down trees, or take and carry away soil or stones, these acts, *ipso facto*, determine the tenancy. *Rising v. Stanard,* 17 Mass. 282.

Having contracted with the defendant for the purchase "of his lot," as the plaintiff himself testifies he did, and claiming, as he does, to have entered into the possession thereof under the parol contract with defendant, the defendant is not to be regarded in this case as a

stranger, although the deed was to come from another. The defendant was the plaintiff's landlord until the contract was consummated by payment of the purchase money.

In such case the plaintiff cannot maintain trespass against the defendant for going upon this unfenced and uninclosed lot and taking water from the well. And especially so under the facts of this case, where it appears the defendant never recognized the plaintiff's exclusive right to the occupancy of the well. The note was not paid when the alleged trespass was committed, and the deed had not been delivered, and the plaintiff was not even entitled to demand the deed. The action must fail.

The other judges concurring, the judgment of the circuit court is reversed.