## COMMONWEALTH *vs.* JULIUS GALATTA.

Franklin.    September 18, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Landlord and Tenant,* Growing crops. *Growing Crops. Emblements. Wanton Destruction of Personal Property. Real and Personal Property. Pleading, Criminal,* Indictment or complaint. *Practice, Criminal,* Motion to quash, Arrest of judgment.

Growing crops, that were planted by a tenant at will in a part of a garden appurtenant to a tenement then occupied by him, continue to belong to him after his tenancy and occupation have been terminated by his landlord giving a lease in writing to a third person of the building containing his tenement.

A lessee under a lease given him to terminate a tenancy at will, who pulls up and throws in a heap growing crops that were planted by the tenant at will, can be found guilty of wantonly destroying the personal property of another upon a complaint under St. 1904, c. 305.

Under the rules of criminal pleading, contained in R. L. c. 218, §§ 17, 37, a complaint under St. 1904, c. 305, for wantonly destroying personal property of another need not allege that the destruction was in a manner and by a means not particularly described or mentioned in R. L. c. 208.

Neither R. L. c. 208, § 105, in regard to trespass in an orchard, nursery, garden or cranberry meadow, nor R. L. c. 208, §106, in regard to maliciously entering an orchard, garden or other improved land of another with intent to carry away, destroy or injure the trees or the products there mentioned, particularly describes or mentions the wanton destruction of growing crops in a garden appurtenant to a tenement by a lessee lawfully in possession of the land.

A motion in the Superior Court to quash for a defect in form a complaint that originally was filed in an inferior court is made too late.

A formal defect in a complaint cannot be taken advantage of by a motion in arrest of judgment.

COMPLAINT, received and sworn to in the District Court of Franklin on July 14, 1916, under St. 1904, c. 305, charging that the defendant, Julius Galatta of Greenfield, on July 14, 1916, at Greenfield, "did wantonly destroy the personal property of another, to wit, the growing crops of George Speleos, by digging them up, and all of the value of $50."

On appeal to the Superior Court the defendant was tried before *Aiken,* C. J.   Before the trial the defendant moved to quash the indictment upon the ground that the allegations contained in the complaint set forth no offence under the provisions of St. 1904, c. 305, in that the complaint did not allege that the destruction complained of was in a manner or by a means not particularly

described or mentioned in R. L. c. 208. The Chief Justice denied the motion, and the defendant excepted.

The following facts appeared in evidence: One Constantino Corsiglia was the owner of a two-tenement house numbered 11 on Elm Street in the town of Greenfield with a garden plot adjoining, a part of which had been and was used and occupied by Speleos for garden purposes before the time of the complaint. Speleos occupied the upper tenement in the house and had appropriated a part of the garden plot. On June 29, 1916, Corsiglia executed to the defendant a written lease of the entire premises for the term of one year from July 1, 1916. The defendant notified Speleos to vacate the premises. Other material facts are stated in the opinion.

At the close of the evidence the defendant asked the Chief Justice to rule that upon all the evidence the defendant was entitled to a verdict of not guilty. The Chief Justice refused to make this ruling. He "instructed the jury that as between Speleos (the complainant) and Galatta (the defendant) the growing crops that were in the garden belonged to Speleos as a matter of law, and that Speleos had a right to go upon the premises to cultivate them and to harvest them when they were mature." To this instruction the defendant objected and pointed out to the court that as between Speleos and Galatta Speleos was a tenant at sufferance only, and contended that therefore the rule of law as to growing crops between a landlord and tenant at will did not apply. The Chief Justice refused to change his charge, and the defendant excepted.

The defendant further asked the Chief Justice to rule "that the rule of law as to growing crops between a landlord and tenant applied only to farm property and did not apply to tenement property situate in a city or town." The Chief Justice refused to change his charge, and the defendant excepted.

The jury returned a verdict of guilty. After the jury had returned their verdict of guilty and before sentence was imposed, the defendant made a motion in arrest of judgment upon the same ground as was alleged upon his motion to quash. The Chief Justice denied the motion, and the defendant excepted.

The defendant alleged exceptions.

St. 1904, c. 305, is as follows: "Whoever wantonly destroys or injures the personal property of another in any manner or by

any means not particularly described or mentioned in chapter two hundred and eight of the Revised Laws shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year; but if the value of the property so destroyed or injured is not alleged to exceed fifteen dollars the punishment shall be a fine of not more than fifteen dollars or imprisonment for not more than thirty days."

R. L. c. 208, §§ 105, 106, are as follows:

"Section 105. Whoever wilfully and maliciously enters an orchard, nursery, garden or cranberry meadow, and takes away, mutilates or destroys a tree, shrub or vine or steals, takes and carries away any fruit or flower; without the consent of the owner thereof, shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than six months.

, "Section 106. Whoever wilfully and maliciously, and without permission of the owner or person having control thereof, enters upon the orchard, garden or other improved land of another, with intent to cut, take, carry away, destroy or injure the trees, grain, grass, hay, fruit or vegetables there growing or being, shall be punished by imprisonment for not more than six months or by a fine of not more than five hundred dollars; and if the offence is committed on the Lord's day, or in disguise, or secretly in the night time, the imprisonment shall not be less than five days nor the fine less than five dollars.

The case was submitted on briefs.

*W. A. Davenport,* for the defendant.

*J. H. Schoonmaker,* District Attorney, for the Commonwealth.

DE COURCY, J. George Speleos, a tenant at will of one Corsiglia, during the year 1915 occupied and planted some of the land appurtenant to the premises he hired, without objection on the part of his landlord. Again in April and May, 1916, he laid out and planted some garden produce in the same garden plot. In June, 1916, the landlord executed a lease of the entire premises to the defendant, Galatta, who later notified Speleos to vacate them within two days and brought a writ of ejectment. Thereupon Speleos vacated the premises, moved into the property of an adjoining owner and surrendered the key on July thirteenth. Some time during the early morning of July fourteenth his garden produce was pulled up, destroyed and thrown in a heap on the

premises to which he had moved. The defendant was tried and found guilty on a complaint which charged that he "did wantonly destroy the personal property of another, to wit: the growing crops of George Speleos, by digging them up. . . ."

The motion to direct a verdict of not guilty was denied rightly. At common law growing crops, which owe their annual existence to the cultivation of man, are treated as chattels even while still annexed to the soil. *Penhallow* v. *Dwight,* 7 Mass. 34. See 8 R. C. L. 356. As between the landlord Corsiglia and his tenant Speleos these annual crops were the property of the tenant, and he was entitled to harvest the crop which he planted, even after the landlord had terminated the tenancy at will.

The defendant, Galatta, who took a lease of the premises knowing that Speleos was a tenant at will of his lessor, could not defeat that tenant's right to his crops. The general principle is that where a person is in possession of land under a title that may be determined by an uncertain event not within his control, it is essential to the interests of agriculture that such a determination of his lease shall not prevent him from reaping what he has sown. And we see no reason why a tenant should be denied the right to emblements by the act of the landlord where the crop is raised on a city or town lot rather than on a farm. *Rising* v. *Stannard,* 17 Mass. 282. *Brown* v. *Thurston,* 56 Maine, 126. *Bittinger* v. *Baker,* 29 Penn. St. 66, 70. 41 L. R. A. (N. S.) 404, note.

There was no error in the portion of the charge excepted to. Plainly the tenancy of Speleos was terminated by the lease of the premises to the defendant, and not by the surrender of the keys after the defendant had brought a writ of ejectment and the tenant had moved out. *Chandler* v. *Thurston,* 10 Pick. 205.

The motions to quash and in arrest of judgment were rightly denied. The complaint properly alleged an offence under St. 1904, c. 305. See R. L. c. 218, §§ 17, 37. And neither § 105 nor § 106 of R. L. c. 208 was applicable to the facts in this case.

It may be added that the motion to quash well might have been denied on the ground that it was filed too late, *Commonwealth* v. *Reid,* 175 Mass. 325, and that the alleged formal defect could not be taken advantage of by a motion in arrest of judgment. *Commonwealth* v. *Mackay,* 177 Mass. 345.

*Exceptions overruled.*