*Western District*
No. 3542

## JOSEPH M. RUSSELL

v.

## W. GERRY WHITLOCK

Argued: Feb. 1, 1968   Decided: Feb. 10, 1968

*Present:* Garvey, P. J., Levine, and Sloan, J. J.

Tried to: *O'Connor, J.* in the District Court of Eastern Hampshire. No. 3542

*Levine, J.* This is an action of tort to recover damages for trespass on his property and the removal of hay crops which had been growing thereon.

The declaration is in two counts. Count 1 alleges an entry without right upon the plaintiff's land on or about September *1965* and the cutting of the hay crop and its removal from the land. Count 2 alleges an entry without right by the defendant, the cutting of the hay crop on or about *1966* and its removal from the land. The defendant's answer is a general denial, an allegation that he was in possession as a tenant at the times alleged, had been a tenant for many years prior thereto and that he had a right to cultivate the land and remove the crops therefrom.

*At the trial there was evidence that* the defendant had occupied the land for ten years as a tenant at will under an oral contract with one Ruth Jenks since 1960 and prior thereto as a tenant of her predecessor in title. He paid an annual rental of $25.00 for 5.3 acres of tillage and high grade tobacco land and used the soil for growing various crops including hay. In the spring of 1965, the defendant sowed hayseed and spread fertilizer and cul-

tivated hay in July 1965. The defendant paid the annual rent of $25.00 to Ruth Jenks on July 30, 1965. On August 20, 1965, the plaintiff purchased the land in question from Ruth Jenks. The defendant was never notified of the transfer of title, nor was the plaintiff aware of the defendant's tenancy. In September 1965, the defendant entered the land and cut approximately 80 bales of timothy. During the spring of 1966, the defendant again entered the land and sowed hayseed and fertilized the land, and again fertilized the land in April of that year. In July 1966, the defendant, still unaware of the conveyance to the plaintiff, cut 483 bales of hay. Subsequently, the defendant learned of the transfer of title to the plaintiff.

At the close of the trial, the defendant made the following requests for rulings of law:

1. The evidence does not warrant a finding for the plaintiff.

3. The defendant was a tenant at will in the premises prior to the time the plaintiff took title.

4. If the defendant's tenancy at will was terminated by sale of the land in question and the defendant was not notified of such sale and did not in fact know of it, his removal of hay crops cultivated and cut before such notice of the sale is not conversion.

5. The hay crop cut and removed by

the defendant from the premises in question in the year 1965 belonged to the defendant and its removal was not conversion.

6. The removal of the hay crop from the premises in question by the defendant in the year 1966 was not conversion.

The trial judge granted request #3, denied all the others and found the following facts:

"I find that the defendant (Whitlock) was a tenant at will prior to the deed of Ruth Jenks to plaintiff (Russell) on August 20, 1965; that the tenancy at will was terminated by operation of law on the execution and delivery of said deed, and whether or not Russell had any knowledge of any oral license or agreement between said Jenks and said Whitlock for the entry by Whitlock to cultivate and harvest the hay is immaterial; and that the defendant wrongfully cut off and harvested 80 bales of hay in September 1965 and 483 bales of hay in July 1966, but that he acted in good faith and in the mistaken belief that he was legally entitled so to do. I find for the plaintiff on Count 1 in the sum of $35.00 and on Count 2 in the sum of $241.50."

The defendant claims to be aggrieved by the denial of his requests for rulings of law numbered 1, 4, 5 and 6.

The issue to be determined is whether or

not the defendant is entitled to the hay crops which he had seeded, fertilized and cultivated as against the owner of the land, upon the termination of his tenancy by operation of law.

The defendant was a tenant at will to the conveyance to the plaintiff. G.L. c. 183, § 3. When an estate at will is determined by an event not within the knowledge of the tenant, his holding-over will not amount to a trespass. *Rising* v. *Stannard,* 17 Mass. 282, 287.

Some overt act of ouster or notice to remove is essential before an action will lie and even then the tenant is entitled to a reasonable time to remove his chattels without being deemed a trespasser. *Pratt* v. *Farrar,* 10 Allen 519; *Ellis* v. *Paige,* 1 Pick. 43. In the case at bar, the defendant had no knowledge or notice of any kind that the land had been conveyed by Jenks to the plaintiff. In the case of *Furlong* v. *Leary,* 8 Cush. 409, at page 410, Chief Justice Shaw said ". . .it is a rule, founded on the plainest principles of equity and fair dealing, that where a right of action depends upon a fact peculiarly within the knowledge of the plaintiff and which the other party may not be presumed to know, and does not in fact know, the plaintiff must give the defendant notice of such fact. . ."

The defendant was entitled to a reasonable time in which to remove his chattels and was well within his rights in harvesting the crops of hay which he had seeded, fertilized and

cultivated prior to the time he had knowledge of the sale to the plaintiff. The conveyance to the plaintiff could not defeat the defendant's right to the emblements of his labor and industry. In the case of *Commonwealth* v. *Galatta,* 228 Mass. 308, 311, it was said "the general principle is that where a person is in possession of land under a title that may be determined by an uncertain event not within his control, it is essential to the interest of agriculture that such a determination of his lease, shall not prevent him from reaping what he has sown."

There was prejudicial error in the denial of the defendant's requests for rulings of law numbered 1, 4, 5 and 6. Accordingly, the finding for the plaintiff is to be vacated and **judgment is to entered for the defendant.**

John P. Schlosstein,

of Warren, for the Plaintiff.

Paul T. Ford,

of Amherst, for the defendant.