COMMONWEALTH *vs.* WILLIAM H. KELLEY.

Worcester. September 29, 1903. — October 22, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Pleading, Criminal. Constitutional Law.*

A count under R. L. c. 218, § 38, charging that the defendant "did steal" a sum of money named of the property of the estate of a certain person, deceased, sufficiently charges the defendant with the crime of embezzlement of money held by him as administrator as described by Pub. Sts. c. 203, § 46, (R. L. c. 208, § 48.)

The provision of St. 1899, c. 409, § 12, (R. L. c. 218, § 38,) making a charge of "stealing" in an indictment good as a charge of embezzlement, is not unconstitutional as applied to offences committed before the enactment of the statute.

INDICTMENT, with nine counts, found and returned January 20, 1902.

At the trial in the Superior Court before *Pierce*, J., the first four counts were nol prossed on motion of the district attorney. On the sixth, seventh, eighth and ninth counts the jury found the defendant not guilty. The defendant made the requests for rulings stated in the opinion, which were refused by the judge. The jury returned a verdict of guilty on the fifth count. The defendant moved to set aside the verdict, on the grounds that it was against the evidence, against the weight of the evidence, and against the law and the evidence, and also because there was a variance between the allegations on which the defendant was tried and the proof. After sentence the defendant made a further motion to set aside the verdict and the sentence, on the ground that the defendant was sentenced under R. L. c. 208, § 48, and that the fifth count, on which the defendant was found guilty, contained no allegation that the defendant was trustee or administrator or embezzled the property, but charged simple larceny only. The judge denied both motions. The defendant alleged exceptions, raising the questions stated by the court.

The fifth count was as follows: " And the jurors aforesaid on their oath aforesaid do further present that the said William H. Kelley on the eighteenth day of May in the year of our Lord one thousand eight hundred and ninety seven, at Warren in the

County of Worcester aforesaid, did steal one thousand dollars in money of the value of one thousand dollars, of the property of the estate of John W. Downey, late of said Warren, deceased."

*F. B. Hall,* for the defendant.

*R. Hoar,* District Attorney, *& G. S. Taft,* Assistant District Attorney, for the Commonwealth.

HAMMOND, J.   The defendant argues that the evidence was insufficient to convict him of larceny or embezzlement in any form.   We are of opinion, however, that it was sufficient to warrant a finding that he had committed the offence described in Pub. Sts. c. 203, § 46, by embezzling while administrator of the Downey estate the whole or a part of the $125, property of the estate, drawn from the Ware Savings Bank in July, 1897. Within the first six months of his appointment as administrator, he drew out from that bank and another savings bank sums aggregating in the whole $1,280, belonging to the estate.   In all he drew out $1,684.   The total amount remaining in the two banks, together with all he redeposited, amounted to only $128.47, which is all the succeeding administrator received.   He paid out for the estate and retained for his services, according to his own account, $994.49, and, as allowed by the Probate Court, only $678.83.   Before he withdrew the $125 on July 1, 1897, he already had drawn from the two banks $900.   In order to bring his charges and expenses to the sum of $994.49, he asked to be allowed for his services as administrator $175, of which the court allowed only $75.   The defendant testified in his own behalf as to what he had done with the money, and as to outstanding obligations still existing for contracts made by him while administrator, but, without reference to interest, it did not appear that he had in his hands property amounting to the balance found by the Probate Court against him, and the jury in view of all the circumstances may not have believed fully his statements.   They may have concluded upon the evidence that there was no need of drawing out the $125 above named for the payment of claims against the estate, and that it was subsequently fraudulently used by the defendant for his own purpose, and that such use was made of it in the town where the defendant resided, which was in Worcester County.   We are of opinion that the evidence justified such a conclusion.

It is further argued by the defendant that, even if the evidence did show that he committed a crime, it was embezzlement and not larceny, that these two offences are different in law, and that since the count upon which he was convicted alleges larceny it is not supported by proof of embezzlement. It appears that at the trial the defendant urged this distinction, and requested the judge to rule that the evidence did not show him guilty of larceny, and to direct a verdict of acquittal. This the judge refused to do. He further requested the judge to rule that the statute which provides that " whoever embezzles, or fraudulently converts to his own use, money, . . . shall be deemed guilty of simple larceny," (Pub. Sts. c. 203, § 37,) does not merge the two offences or make the embezzlement larceny. The judge refused to make this ruling, " not because it was not true as a bare proposition of law but because it was not called for upon the facts disclosed."

The count evidently was drawn under R. L. c. 218, § 38, and it complies with the form set forth at the end of that chapter, under the title " larceny " ; and the question is whether it covers the crime of embezzlement. The provisions of this chapter so far as material to this question first appear in St. 1899, c. 409, which was passed in accordance with the report and recommendation of the commissioners (see Senate Doc. No. 234 of that year) appointed under c. 85 of the Resolves of 1897, " to investigate and report upon a plan for the simplification of criminal pleadings, and to prepare a schedule of forms of pleadings to be used in criminal cases." Prior to that statute, although one guilty of embezzlement was, in the language of the statutes, " deemed . . . to have committed the crime of simple larceny," or, in the later forms, " deemed guilty of simple larceny," still it was held that that kind of larceny was of a peculiar and distinctive character and that the indictment must contain, in addition to all the requisites of an indictment for larceny at common law, allegations setting forth the fiduciary relation, or the capacity in which the defendant acted. Accordingly it has been held that proof of embezzlement will not sustain an indictment charging merely a larceny, and that proof of larceny will not sustain a charge of embezzlement. *Commonwealth* v. *Simpson,* 9 Met. 138. *Commonwealth* v. *King,* 9 Cush. 284. *Com-*

*monwealth* v. *Berry*, 99 Mass. 428. Somewhat akin to these two crimes in many respects is that of obtaining money or goods by false pretences ; and an indictment for this offence differs from that of larceny or embezzlement. It was felt by the commissioners that "the over-refined and illogical distinctions" between these three crimes "have led to scandalous abuses of justice by acquittals," and, "to obviate the possibility of miscarriage of justice on this account," they proposed "a single form of indictment for the three crimes, containing simply an allegation that defendant 'stole' certain goods." See 1899, Senate Doc. No. 234, pp. 16, 17. The St. of 1899, following the recommendation of the commissioners, contains a simple form for larceny, but no separate form for embezzlement or for obtaining money or goods by false pretences. In § 12, under the head of "Meaning of Words," it is provided that "the following words when used in an indictment shall be sufficient to convey the meaning herein attached to them"; and among others are these: "Stealing. — Larceny. — The criminal taking, obtaining, or converting of personal property with intent to defraud or deprive the owner permanently of the use of it; including all forms of larceny, criminal embezzlement, and obtaining by criminal false pretences." The count in question was drawn up under the provisions of this statute as subsequently enacted in R. L. c. 218, § 38. Under this last statute the word "steal" in an indictment becomes a term of art and includes the criminal taking or conversion in either of the three ways above named, and hence the indictment is sustained, so far as respects the criminal nature of the taking or conversion, by proof of any kind of larceny, embezzlement or criminal taking by means of false pretences. If it be objected that this construction makes the indictment so indefinite that the accused is not sufficiently informed of the nature of the charge which he is called upon to meet, the answer is that it is provided in the same statute (§ 39) that "the court may, upon the arraignment of the defendant, or at any later stage of the proceedings, order the prosecution to file a statement of such particulars as may be necessary to give the defendant and the court reasonable knowledge of the nature and grounds of the" accusation, and, if requested by the accused, shall so order in all cases in which the court has final jurisdiction, where the accu-

sation would not be otherwise fully, plainly, substantially and formally set out. "If there is a material variance between the evidence and the bill of particulars, the court may order the bill of particulars to be amended, and may postpone the trial, which may be before the same or another jury, as the court may order. If, in order to prepare for his defence, the defendant desires information as to the time and place of the alleged crime or as to the means by which it is alleged to have been committed, or more specific information as to the exact nature of the property described as money, or, if indicted for larceny, as to the crime which he is alleged to have committed, he may apply for a bill of particulars as aforesaid." This is a sufficient protection to the accused. Indeed it is manifest that since under the former practice the right to a bill of particulars was a matter that lay within the discretion of the court and therefore could not be claimed as of right, (*Commonwealth* v. *Wood,* 4 Gray, 11,) this statute, which makes the right to such a bill absolute, places the accused in a better position than he was before. Of course the bill of particulars cannot enlarge the scope of the indictment. It cannot specify a charge not covered by the indictment. Its only purpose is to specify more particularly the acts constituting the offence.

In view of these considerations we are of opinion that the count in question must be regarded as including within its "four corners" any criminal act of taking or conversion of money the property of the estate therein named, to the amount of $1,000, committed by the defendant within the jurisdiction of the court, and within the statute of limitations, whether the offence be larceny, embezzlement, or obtaining by criminal false pretences; and consequently that it covered the crime of embezzlement as described in Pub. Sts. c. 203, § 46, of which under instructions not objected to, except as above stated, the jury convicted the defendant.

It is further urged by the defendant that, inasmuch as the offence of which he was convicted was committed prior to the statute, it is as to that offence an *ex post facto* law, and for that reason unconstitutional as applied to his case. But this position is untenable. The statute neither creates a new crime nor in any way changes one existing at the time it took effect; nor

does it increase or in any way affect the punishment for any crime. It does not establish any new presumption of fact or of law against the accused, nor in any other way alter any rule of evidence or the nature of the evidence required to convict. The defendant was tried for the same crime, under the same presumptions as to his guilt or innocence and under the same rules of evidence as he would have been tried before the statute. It relates purely to the matter of technical pleading as to the words to be used in setting forth a criminal act, and even in this respect is favorable to the accused in that the right to a bill of particulars, which theretofore was within the discretion of the court, has become absolute. In no respect is the situation of the accused changed to his disadvantage. No citation of authorities is needed to show that the statute as thus interpreted is not an *ex post facto* law within the meaning of either the Federal or State constitutions. The defendant was not prejudiced by the action of the court at the trial in dealing with his requests.

As the defendant was acquitted upon the ninth count, the rulings as to the competency of the evidence admitted as bearing solely upon that count become immaterial.

As to the first motion to set aside the verdict, it may be said that so far as it raises any question of law it raises none which could not have been raised at the trial, and so far as it was an application for a new trial upon other grounds, the matter was within the discretion of the judge. And notwithstanding the remarks made by the judge, it does not appear that the motion was not overruled in the exercise of his discretion.

The second motion that the verdict of the jury and the sentence be " set aside " so far as it respects the verdict, raises no question which could not have been raised at the trial, and, so far as it respects the sentence, does not show that the defendant was not sentenced for the crime with which he was charged and upon which he was convicted. Pub. Sts. c. 203 ; c. 215, §§ 3, 8. R. L. c. 220, §§ 5, 10.

*Exceptions overruled.*