COMMONWEALTH *vs.* WILFORD A. BAILEY.

Worcester.   September 28, 1908.   October 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Pleading, Criminal,* Indictment, Motion to quash.   *Uttering Forged Instrument.*

Under R. L. c. 218, § 67, setting forth sufficient forms of indictment, an indictment charging, that the defendant on a certain day " with intent to injure and defraud did utter and publish as true a certain forged instrument purporting to be a promissory note well knowing the same to be forged," sufficiently informs the defendant of the nature of the offense with which he is charged. If he needs further particulars to enable him to prepare his defense, R. L. c. 218, § 39, gives him a right to them.

Where it appears by the bill of exceptions in a criminal case, that the defendant entered a plea of not guilty, and, before the empanelling of the jury, filed a motion to quash the indictment, if no objection appears to have been made to the filing of the motion after the defendant had pleaded to the indictment, the motion will be regarded as having been filed properly by leave of court.

MORTON, J.   This is an indictment charging that the defendant " with intent to injure and defraud did utter and publish as

true a certain forged instrument purporting to be a promissory note well knowing the same to be forged." The indictment contains two counts, charging the same offense on two different dates. The defendant entered a plea of not guilty, and, before the empanelling of the jury, filed a motion to quash "for want of sufficient allegations in form and substance," and because the indictment did not set out in either count "the instrument or instruments alleged to have been forged" or "the tenor or substance of said alleged forged instrument or instruments or either of them." The motion to quash was denied and the defendant excepted. The jury found the defendant guilty upon the first count, and not guilty upon the second.

The statutory form of indictment for forgery is as follows: "That A. B., with intent to injure and defraud, did forge a certain instrument purporting to be, etc. (give the name of the instrument, description, tenor or substance as the pleader chooses)." And the statutory form for uttering is, "That A. B., with intent to injure and defraud, did utter and publish as true a certain forged instrument (describe as in forgery), well knowing the same to be forged." R. L. c. 218, § 67.

The defendant contends that the statute requires that the indictment should set forth the name of the instrument and its description, and, in addition, either the tenor or substance of the instrument. In other words he contends that the statute should be construed as if it read " give the name of the instrument and its description, and its tenor or substance as the pleader chooses," limiting the choice of the pleader to the setting out of the "tenor or substance." Manifestly the grammatical structure of the phrase does not require or warrant this construction. The phrase is disjunctive and not conjunctive. There is nothing in it which limits the choice of the pleader to the tenor or substance of the instrument. On the contrary he may give "the name of the instrument, description, tenor or substance," one or more, as he chooses. The object of the statute was and is to simplify indictments without interfering with the constitutional rights of the accused. But if the construction contended for by the defendant is to prevail, indictments for forgery will be less simple than they were before. It has been held that, "It is sufficient if it appears on the face of the indictment by proper averments that

the instrument forged is of the particular kind prohibited by statute.  Or, if it can be collected from the forged writing itself as set out in the indictment that it assumes to be an instrument the false making of which is forgery." *Commonwealth* v. *Castles,* 9 Gray, 121.  According to this an indictment for forgery would be sufficient if it contained such averments in regard to the forged writing either by setting out the forged writing itself or by a description of it or otherwise as would enable the court to see that the instrument was one in regard to which the crime of forgery could be committed.  But if the construction of the statute contended for by the defendant is to be followed it would be necessary, not only to give the name of the instrument and a description of it, but also either its tenor or substance, thus imposing upon the pleader a greater burden instead of a less, without any corresponding advantage to the accused.  We do not think that the construction contended for is the correct construction. The description of the forged writing as an instrument purporting to be a promissory note sufficiently informed the accused of the nature of the offense with which he was charged.  If he needed more particulars to enable him to prepare his defense, the statute gave him the right to such additional particulars as would enable him to fully understand the charge, and his rights were thus fully protected.  R. L. c. 218, § 39.  *Commonwealth* v. *Snell,* 189 Mass. 12.  *Commonwealth* v. *Sinclair,* 195 Mass. 100.  The instrument was properly named or described as an instrument purporting to be a promissory note.  See *United States* v. *Howell,* 11 Wall. 432, 437 ; Precedents of Indictments, Train & Heard, (1st ed.) 214, 223, *et seq.*  The indictment follows the statutory form, and the motion to quash was, we think, rightly overruled.

Although the motion to quash was not filed till after the defendant had entered a plea of not guilty, no objection appears to have been made, and the motion must be regarded, therefore, as having been properly filed by leave of court.

*Exceptions overruled.*

*H. Parker,* for the defendant.

*E. I. Morgan,* Assistant District Attorney, for the Commonwealth.