COMMONWEALTH *vs.* CARDENIO F. KING.

Suffolk.    March 24, 1909. — May 24, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Criminal,* Statement of particulars.   *Larceny.   Pleading, Criminal,* Indictment.   *Words,* " Steal," " Embezzles or fraudulently converts."

Upon an indictment for larceny in thirty-one counts, the defendant filed a motion asking for a statement of particulars as to the nature and ground of each of the several crimes charged against him " whereby it shall be made to appear, and the defendant shall be apprised, whether the Commonwealth so in each count of said indictment has specifically charged and alleged the crime of embezzlement, or obtaining money by criminal or false pretenses, or larceny." The Common-

wealth filed a statement of particulars, in which, besides giving sufficiently full information about all matters of fact as to which the defendant desired information, it notified him, that in each and all of the counts it asked for a conviction on the ground that he had committed each one of the crimes of larceny, embezzlement and obtaining money through false pretenses, and also in some of the counts the fourth crime of embezzlement or fraudulent conversion as a broker described in R. L. c. 208, § 47. The defendant objected to the statement and moved to have it expunged from the record and that further specifications be furnished by the Commonwealth. The motion was denied. *Held,* that the denial of the motion was proper, as the defendant could suffer no injury from being notified in advance of the demand of the Commonwealth, whether well founded or not, for a conviction, under each count for a single larceny, on proof of larceny proper or embezzlement or obtaining money under false pretenses, or, under some of the counts, of the crime of embezzlement or fraudulent conversion as a broker.

The provision of R. L. c. 218, § 39, that a defendant indicted for larceny may apply for a bill of particulars "as to the crime which he is alleged to have committed," does not give him an absolute right to require such a statement, the granting of such a motion being within the discretion of the court.

An indictment for larceny which varies from the statutory form set forth in the schedule appended to R. L. c. 218 only by giving further information to the defendant, and which contains a full, formal and complete charge of larceny and does not charge the defendant with the commission of any other crime, is sufficient in law, and a motion to quash it must be denied.

Under the provisions contained in R. L. c. 208, § 26, taken in connection with those contained in R. L. c. 218, §§ 38–40, the former crimes of larceny, embezzlement and the obtaining of property by false pretenses now are merged into one crime of larceny as described in those statutes, which may be proved by evidence that would have warranted a conviction upon any one of the three charges that formerly would have been needed, and accordingly upon the trial of an indictment for larceny the Commonwealth cannot be required to elect which of the three former crimes it will prove.

Whether the crime of embezzlement or fraudulent conversion by a broker described in R. L. c. 208, § 47, is included in the crime of larceny as described in R. L. c. 208, § 26, and R. L. c. 218, §§ 38–40, or whether it is a separate crime, here was not passed upon, because at the trial of the indictment for larceny at which the question was raised, the jury convicted the defendant upon instructions from the presiding judge, under which they could not have returned their verdict without finding facts which showed the defendant to have been guilty of embezzlement independently of R. L. c. 208, § 47, but it was intimated that it might be that the last named section should be treated as simply creating a new statutory kind of embezzlement to be included in larceny.

At the trial of an indictment for larceny the defendant asked for rulings that there was no evidence which would warrant a conviction on the ground that he had obtained money by criminal false pretenses and no evidence, except under a certain count, which would warrant a conviction of larceny at common law. The requests were refused and the defendant was convicted. There was evidence on which the jury would have been warranted in finding that the defendant had sustained a very great loss in starting and attempting to maintain a newspaper; that his regular business of selling certain particular securities had come to an end and he was sorely in need of obtaining some ready money; that he thereupon published highly flaring and sensational advertisements, well adapted to attract

the attention and gain the confidence of credulous people, advising the purchase of certain stocks, not upon margin, but upon full payment of the price, and offering upon receipt of the necessary money to make such purchases for customers without profit to himself; that he had an expensive establishment to maintain and did not cut it down or curtail his expenses; that he received large sums of money, with directions to buy particular stocks, but failed to buy them, put off his customers with false excuses, and converted the money to his own use, guarding it against attachment by putting it into the form of certificates of deposit. There also was evidence that either he, or his agents by his instructions, had made to some customers false and misleading statements by which they were induced to send or to pay to him money for stocks which it was falsely represented had been bought for them. *Held,* that there certainly was evidence for the jury on the question of false pretenses; and that the jury also might find from the defendant's advertisements, his methods of business and correspondence with his customers, his false statements as to the purchases which he said that he had made, his false excuses for the non-delivery of stocks which he should have purchased but had not purchased, and his conduct as to the overpayments which many of his customers had made in advance, that his whole scheme was a fraud from the beginning, that his possession of the money and other property of his customers had been obtained by mere trickery with the present intent to convert it to his own use, that he had no rightful possession, and that the delivery to him was made without any intent to pass the title but merely to enable him to make the specific use of the money which was directed, so that in appropriating it he was guilty of larceny at common law.

INDICTMENT, found and returned in the county of Suffolk on April 11, 1908 in thirty-one counts for larceny, as described in the opinion.

On December 3, 1908, the defendant filed a motion for a statement of particulars. On December 9 the Commonwealth by the district attorney filed a statement of particulars, and on the same day the defendant filed a motion that the Commonwealth's statement be expunged and discharged from the records, and that the court order and direct the Commonwealth to file further particulars and specifications as requested by the defendant in his motion filed on December 3. On December 14 this motion of the defendant was denied by *Schofield,* J.; and the defendant appealed from the order.

On December 15 the defendant was placed on trial before *Schofield,* J. The defendant filed a motion to quash the indictment, which was denied by the judge. The defendant excepted to the order. At the close of the evidence for the Commonwealth the defendant rested, without offering any evidence, and asked the judge to compel the Commonwealth to elect upon

which of the offenses, alleged to be set forth in the Commonwealth's specifications as to each count, it asked a verdict. The judge refused to require the Commonwealth to make such an election and ruled that if under any count the jury were satisfied under the rules of evidence that either of the offenses embodied in the general phrase " larceny " had been committed the defendant might be convicted on such count. The defendant excepted.

The defendant thereupon presented twenty-seven requests for instructions, of which nine were given in a form satisfactory to the defendant and two were waived. To the judge's refusal to give the remaining instructions requested and to all portions of the charge inconsistent with the rulings requested the defendant excepted.

On the sixth, twentieth and twenty-eighth counts the Commonwealth offered no evidence. On these and on the twenty-second count, on which evidence was offered, a verdict of not guilty was returned by order of the judge. On each of the remaining twenty-seven counts the jury returned a verdict of guilty; and the defendant alleged exceptions.

The verdict was returned on December 30, 1908. On January 13, 1909, the defendant filed a motion in arrest of judgment. The motion was denied, and the defendant appealed from the order. On the same day the defendant was sentenced to imprisonment in the State prison for a term of not more than fourteen years and not less than ten years. The defendant moved for a stay of execution, and his motion was denied.

*H. Parker*, (*H. L. Baker & C. F. Rowley* with him,) for the defendant.

*M. J. Dwyer*, Assistant District Attorney, for the Commonwealth, submitted a brief.

SHELDON, J. The first question presented in this case is whether there was any error in law in the action of the Superior Court in denying the defendant's motion that further specifications be furnished by the Commonwealth, and that the specifications which upon his previous request already had been filed, should be expunged and discharged from the record. The defendant had been indicted in thirty-one counts, apparently for as many separate larcenies. He had filed a motion asking for a

statement of particulars as to the nature and ground of each of the several crimes charged against him, as to the means by which the crimes were alleged to have been committed, and as to the exact nature of the property referred to and described in each count. He also in the same motion " requires and requests more specific particulars and recitals " in each of the counts " as to the specific crime " which he was alleged to have committed, and asked that the Commonwealth be required to set forth the specific crime charged in each count, " whereby it shall be made to appear, and the defendant shall be apprised, whether the Commonwealth so in each count of said indictment has specifically charged and alleged the crime of embezzlement, or obtaining money by criminal or false pretences, or larceny." The district attorney thereupon, without any formal order of the court, filed specifications, stating in substance that the Commonwealth specified that the defendant did " embezzle and fraudulently convert to his own use " certain described money and property, which had been delivered by the person named upon the trust and confidence that it should be used by the defendant in the manners specifically stated ; and further, that the defendant had obtained a check and order for money from the same person by means of certain " false and fraudulent representations " set forth in detail ; and further that the defendant " did feloniously steal, take and carry away " certain money and other property named ; and further, as to some only of the counts, that the defendant being a broker engaged in the business of buying and selling stocks, bonds, and securities and having been intrusted by the person named with certain money, with directions in writing to invest said money in certain named stocks for and in behalf and in the name of that person, did in violation of good faith and contrary to the terms of such direction, " embezzle and fraudulently convert to his own use " said money. That is, the Commonwealth, besides giving sufficiently full information about all matters of fact as to which the defendant desired information, also notified him, in answer to his request that he be informed as to the crime which he was alleged to have committed, that as to each and all of the counts it asked for a conviction on the ground that he had committed each one of what he contends are the three distinct crimes of larceny, of embezzle-

ment, and of obtaining money through criminal false pretences, and (as to some of the counts) the fourth crime of the statutory embezzlement described in R. L. c. 208, § 47.

It would be a sufficient answer to the contentions of the defendant upon this question to say that he did not suffer by the refusal of the court to order further specifications or to expunge those which already had been filed. There is no contention that he was denied any information which he had a right to require. His complaint is rather that the Commonwealth gave him warning that it would make a demand which it would have (as he contends) no right to make, i. e., that it would ask for a conviction as to each count for a single larceny upon proof of larceny proper, of embezzlement, of obtaining money by criminal false pretences, or, as to some of the counts, of the particular crime of embezzlement or fraudulent conversion by a broker. He suffered no injury by being notified in advance of this demand of the Commonwealth, whether the demand was or was not well founded.

It is to be observed also that the bill of particulars for which a defendant is allowed by the last sentence of R. L. c. 218, § 39, to ask is not one which he may require as of right. The first sentence of that section does give him an absolute right to require "a statement of such particulars as may be necessary" to give him "reasonable knowledge of the nature and grounds of the crime charged," if that charge would not be otherwise "fully, plainly, substantially and formally set out." *Commonwealth* v. *Snell*, 189 Mass. 12, 19. *Commonwealth* v. *Sinclair*, 195 Mass. 100. *Commonwealth* v. *Bailey*, 199 Mass. 583, 585. Except as modified by this provision it still is, as it formerly was, in the discretion of the court to say whether any and what bill of particulars shall be furnished to him. *Commonwealth* v. *Wood*, 4 Gray, 11. *Commonwealth* v. *Giles*, 1 Gray, 466, 469. The change from "shall" to "may" in the statute cannot be treated as without significance, however either word might be construed if it stood alone. See *Cheney* v. *Coughlin*, 201 Mass. 204. There is no ground for saying that these specifications did not give the defendant full knowledge " of the nature and grounds of the crime charged" against him; and the presiding judge was not bound to expunge at his request any part of those specifications, or to

require new or further particulars or specifications to be furnished to him. But the questions which the defendant has sought to raise upon this branch of the case are all open and will be considered upon the exceptions which he saved at the trial. The exceptions to the order of the court denying this motion of the defendant must be overruled, and the order appealed from must be affirmed.

The motion to quash the indictment could not have been sustained. So far as the several counts thereof vary from the statutory form set forth in the schedule appended to R. L. c. 218, it is only by giving further information to the defendant. Each one of them contains a full, formal and complete charge of larceny. Neither one of them contains anything more, or charges the defendant with having committed any other crime. Whether a conviction could be had under such counts by proof of anything else than a technical larceny at common law, or whether evidence offered under them tending to show a larceny prohibited by our statutes would be made incompetent by the fact that it might tend to show also the commission by the defendant of any other crime, were questions which might in any case, as they did in this case, arise at the trial, and would then have to be passed upon ; but the fact that such questions might arise furnished no ground for quashing the indictment. Whether or not the Commonwealth could at the trial ask for a general verdict of guilty, on each count on whichever one of three or four different contentions the jury might find to have been proved with the requisite degree of certainty, yet each count did contain a proper charge of larceny in any one of its forms. *Commonwealth* v. *Kelley*, 184 Mass. 320. As was said by Hammond, J., in the case last cited, the word " steal " has become " a term of art and includes the criminal taking or conversion " by way either of larceny, embezzlement or obtaining by false pretenses. The exceptions to the order of the court denying the defendant's motion to quash the indictment must be overruled and the order must be affirmed. *Commonwealth* v. *Bailey*, 199 Mass. 583. *Commonwealth* v. *Sinclair*, 195 Mass. 100, 105.

The defendant's exception to the exclusion by the judge of his statements to the witness Gilmore as to how much the defendant had paid to other creditors with whom he had settled,

or as to how he was dealing with other creditors, has not been specifically argued. We see no error in this ruling. The defendant's counsel in his able argument has not contended that this evidence was competent.

The defendant did not put in any evidence, but at the close of the Commonwealth's case asked the judge to require the Commonwealth to elect " which of the three or four specific statute or common law offences alleged to be embodied in each count [was] the crime or offence " upon which it asked a verdict. But the judge refused to do this, and ruled that the crime of larceny could be committed in different ways, viz.: by embezzlement; by obtaining money by false pretences; and also by the taking and carrying away of personal property by trespass out of the possession of the owner, that is, by larceny at common law; and that the defendant could be convicted upon each count if it was satisfactorily proved as to that count that he had committed the crime of larceny therein charged, whether he had committed it in one or another of these different modes. And the jury were not in terms forbidden to convict upon some of the counts upon which a verdict of guilty was returned, upon proof that the defendant, being a broker engaged in the business of buying and selling stocks, bonds and securities, and having been intrusted by the persons named in those respective counts with money, with the direction in writing to invest the same in the stocks or securities named for and in the names of those persons, did in violation of good faith and contrary to the terms of the direction, embezzle and fraudulently convert to his own use such money. That is, as to these counts, so far as has yet appeared, the jury may have convicted the defendant of larceny upon proof of the peculiar kind of embezzlement described in R. L. c. 208, § 47, although, as we shall hereafter see, the actual rulings made on this subject were such that there could not have been a conviction on the ground of embezzlement without a finding of facts which would establish an embezzlement by any agent, whether technically a broker or not. One of the most important questions in this case is whether these rulings were correct.

The learned counsel for the defendant has argued this question on the assumption that the effect of these rulings, as applied

to the indictment and the specifications filed thereunder, was to charge the defendant in each count with having committed at least three separate crimes, and to allow him to be convicted upon proof of any one of those crimes, without being advised in any manner what was the specific crime with which he was charged, or which one of the different and distinct crimes embraced within the scope of the indictment was the one upon which the Commonwealth asked for a verdict against him : and that it is now impossible, upon the face of this record, to say for what offences he has been convicted and should have been sentenced. He contends that the St. of 1899, c. 409, now contained in parts of R. L. c. 218, was a statute prescribing rules of pleading and practice, but not affecting in any way the identity of the crimes to be charged in an indictment. Especially he contends that the distinct identity of the several crimes of larceny, embezzlement, and false pretences now classed under the general head of larceny is not affected by §§ 38, 39 or 40 of R. L. c. 218 ; that the statute does not create a new crime of larceny or operate the merger of the other crimes above named in the crime of larceny, but that each retains its independent existence as a distinct crime ; that, as was said in *Commonwealth* v. *Kelley*, 184 Mass. 320, 324, 325, " the statute neither creates a new crime nor in any way changes one existing at the time it took effect ; nor does it increase or in any way affect the punishment for any crime. . . . It relates purely to the matter of technical pleading as to the words to be used in setting forth a criminal act." This may be true, so far as the effect of the statute referred to taken merely by itself is concerned. But it does not stand by itself. By another statute originally passed in the same year, St. 1899, c. 316, § 1, now substantially contained in R. L. c. 208, § 26, it was provided that " whoever steals or, with intent to defraud, obtains by a false pretence the money or personal chattel of another, or whoever unlawfully and with intent to steal or to embezzle converts to his own use or secretes with intent to convert to his own use the money or personal chattel of another, whether such money or personal chattel is or is not in his possession at the time of such conversion or secretion, shall be guilty of larceny, and may be indicted and punished for that crime." The effect of this statute, certainly when taken in

connection with the provisions of the statute now contained in R. L. c. 218, §§ 38, 40, is to put it beyond a doubt that the former crimes of larceny, embezzlement, and the obtaining of property by false pretences, are now merged into the one crime of larceny as defined by those statutes. It may still remain true, as was in fact ruled in the case before us, that the same evidence is required now to convict of this statutory crime of larceny upon proof of either one of the three crimes that now constitute this offence, that formerly would have been required to convict upon charges of those respective crimes, taken each by itself. But it is none the less true that the crime of larceny as now established under R. L. c. 208, § 26, does include within itself what were formerly the three crimes that have been mentioned, and may be proved by evidence which would have warranted a conviction upon any one of the three charges that formerly would have been needed. It must be borne in mind also, that the act for the simplification of criminal pleadings, c. 409 of the St. of 1899, was passed after the passage of the other act, c. 316 of the acts of the same year, and was approved by the Governor nearly a month after the passage and approval of the other act; so that the Legislature in passing the later act must be taken to have had the provisions of the earlier one in mind, and to have intended both acts to operate as parts of one harmonious whole. This is perhaps the reason why an especial permission to ask for a bill of particulars was given in the later act to one indicted for the crime of larceny. R. L. c. 218, § 39. This legislation was intended to do away with the possibility of a criminal indicted for one of the three crimes mentioned escaping punishment by reason of its being afterwards found that his crime was technically one of the other two mentioned. A typical case of this kind is *Commonwealth* v. *O'Malley,* 97 Mass. 584. In that case the defendant had obtained by a trick possession of the money of an ignorant woman for a temporary purpose, and had fraudulently converted it to his own use. He had been prosecuted for larceny, but had obtained an acquittal because the judge before whom he was tried believed his crime to have been embezzlement. He was then indicted for embezzlement, and was convicted. But it was held by this court that his offence was really larceny and not embezzlement, and he was thus

enabled wholly to escape punishment. It was the object of the Legislature to prevent for the future similar scandals in the administration of justice, by doing away with the merely technical difference between three cognate and similar offenses. The only way in which this reformatory intent can be effectuated is to allow the jury, upon the material facts which are the ground of a charge of larceny, to consider whether these facts show a taking of money or other property, by trespass from the possession of its owner, a fraudulent conversion of it while properly in the possession of the wrongdoer, or an obtaining of it by criminal false pretenses, — in either case, of course, accompanied by the necessary criminal intent, — and in either of these cases to convict of the larceny. To require the Commonwealth to elect in such a case would be to continue to afford an opportunity to frustrate the ends of justice, just as was done in *Commonwealth* v. *O'Malley, ubi supra.*

It is of course not meant by what has been said to imply that upon an indictment or a count for a single offense the Commonwealth may offer evidence of independent transactions, or of more than one action or set of actions done either at the same or at different times, and leave it to the jury to say which, if either, of the transactions was proved and which should be made the ground of a conviction. *Commonwealth* v. *Wyman,* 8 Met. 247. *Commonwealth* v. *Symonds,* 2 Mass. 163. Nor could any specifications be framed which would enable a prosecuting officer to take such a course. The charge is a single one, of a single offence, and the proof is to be limited accordingly. *O'Connell* v. *Regina,* 11 Cl. & Fin. 155, 241. *Commonwealth* v. *Holmes,* 119 Mass. 195, 198. *Commonwealth* v. *Bennett,* 118 Mass. 443, 453. There is nothing in either of the statutes which we have been considering that changes this salutary rule of law. Nor was it in any degree violated in the trial of the case before us. The only doubt that could be raised upon this question arises upon the language used by the district attorney in framing his specifications, by adopting a form which at first sight might have seemed to be open to the interpretation that three or more different sets of circumstances were relied upon under each single count to support the three separate inferences of fact by which the guilt of the defendant might be found to have been either

larceny, strictly so called, embezzlement, or an obtaining by false pretenses. It was manifest, however, upon closer inspection, and abundantly appeared at the trial, that the object aimed at in the specifications was not only, as the statute imperatively required, to set forth the nature and grounds of the charge, but also to warn the defendant of the claim to be made by the prosecution that what he had done would warrant his conviction upon either one of the three grounds specified in R. L. c. 208, § 26. If the defendant or his counsel had been in any respect mistaken in their interpretation of the specifications furnished, and so had been taken by surprise by any of the evidence offered or any of the contentions made by the Commonwealth, the presiding judge no doubt would have given them whatever time was needed to meet the case made by the prosecution; but no suggestion of this kind was, or, so far as we can see, could have been, made in behalf of the defendant.

But it is said that the defendant, as to some of the counts upon which the jury returned a verdict of guilty, may have been convicted upon the specifications which charged him with embezzlement as a broker under R. L. c. 208, § 47, and that this species of embezzlement, or fraudulent conversion by a stockbroker of the money of his customer, is not properly within the purview of the crime of larceny as described in § 26 of the same chapter, or as used in R. L. c. 218, §§ 38–40. We do not decide that this contention would be well founded in any event, especially in view of the fact that we have heretofore held that one who has been guilty of the specific offense described in R. L. c. 208, § 48, may be indicted, convicted and sentenced for larceny under the statutes already referred to. *Commonwealth* v. *Kelley*, 184 Mass. 320. And if it were necessary to consider this question, much might be said for the position that § 47 of R. L. c. 208 must be treated as simply creating a new statutory kind of embezzlement, by providing that such a broker as is therein described may, under the circumstances stated, be held for the embezzlement or fraudulent conversion of the money or securities of his customers, even though, by the custom of the trade, he was authorized to mingle such money or securities with his own, without any earmark, and to deal with them as his own, and even though by such custom there would be but for the pro-

visions of the statute, merely the relation of debtor and creditor between himself and his customer. The words "embezzles or fraudulently converts" would be taken to mean "embezzles, that is, fraudulently converts," and not to indicate an alternative between the two parts of the expression. It would follow that this crime, as one kind of criminal embezzlement, would be included within the express words of the definition of stealing and larceny given in R. L. c. 218, § 38, and like the similar crime considered in *Commonwealth* v. *Kelley*, 184 Mass. 320, could properly be charged in counts like those before us.

But we need not pass upon this question; for even if we follow the defendant's main argument upon this part of the case, we are yet of opinion that under the instructions given to the jury, they could not have convicted the defendant even upon these counts without having found facts which showed him to be guilty of embezzlement independently of § 47. They were expressly told in a very full and able charge that the defendant could not be found guilty of larceny by means of embezzlement unless they found that the money or other property was delivered by the owner to him under the trust and confidence that he should use it in a specified manner, and that he accepted the possession with knowledge of that direction and agreement, and that it was mutually understood and agreed by the parties that it should be kept or identified as a specific fund subject to the directions which had been given by the owner. The defendant's contention that this money or property came to him in such a way that he had a right, by the agreement between himself and the depositor, to mingle the money with his own money, to deposit a check with his own checks in the bank, or to convert securities into money and use the proceeds as his own, was fully stated to the jury; and they were instructed that if this was the case, if the relation of debtor and creditor between his customer and himself was established, if he had the right to mingle their money or the proceeds of their checks or securities with his own, then the identity of the original money or property would be lost by the consent of the owner; it could not be followed; the relation which is necessary to the crime of embezzlement would have disappeared; and he could not be convicted upon that ground. The jury were clearly and distinctly told that it

was for them to decide as a question of fact what was the true relation that was established by the dealings between him and his customers, whether it was to make him their debtor for money or property or the proceeds of property, or to constitute him their agent or broker under a trust and confidence to use their money as a specific fund, so that it could be followed and identified and used and disposed of only in the manner directed by the customer; and they were unmistakably instructed that only in the latter case could they find that there had been an embezzlement. There can be no question that under these instructions the verdict of guilty does not rest at all upon the provisions of R. L. c. 208, § 47. *Commonwealth* v. *King*, 9 Cush. 284. *Commonwealth* v. *Moore*, 166 Mass. 513. *State* v. *Moyer*, 58 W. Va. 146. 1 Whart. Crim. Law, § 1009. 2 Bish. Crim. Law, § 325. And see the cases gathered in 15 Cyc. 488, *et seq.;* 10 Am. & Eng. Encyc. of Law, (2d ed.) 978.

There was evidence to justify a finding by the jury such as they were allowed to make under the rulings just stated. The terms both of the temporary and of the permanent receipts given by the defendant indicate that what he received under them was received for the special purpose therein stated, and under the trust and confidence that it should be applied accordingly. The testimony of the customers who were called and of other witnesses tended in the same direction. The mere fact that the defendant was a broker, though entitled to consideration, was not of itself decisive as to the character of each or any of the transactions which were in evidence. *Commonwealth* v. *Cooper*, 130 Mass. 285. There is nothing in *Brown* v. *Corey*, 191 Mass. 189, or *Commonwealth* v. *Stearns*, 2 Met. 343, which is inconsistent with this view. It could not be said as matter of law that this was not a question for the jury, and it was submitted to them with full and accurate instructions.

As to the defendant's requests for rulings that there was no evidence which would warrant a conviction upon any count on the ground that he had obtained money by criminal false pretenses, or on any count except the thirteenth on the ground of common law larceny, we do not think it necessary to recapitulate the evidence. The jury would have been warranted in finding these facts: The defendant had sustained a very great loss in

starting and attempting to maintain a newspaper; his regular business of selling certain particular securities had come to an end; and he was sorely in need of obtaining some ready money. He thereupon published highly flaring and sensational advertisements, — well adapted to attract the attention and gain the confidence of credulous people, — advising the purchase of certain stocks, not upon margin, but upon full payment of the price, and offering upon receipt of the necessary money to make such purchases for customers without profit to himself. He had an expensive establishment to maintain, and he did not cut it down or curtail his expenses. He received large sums of money, with directions to buy particular stocks, but failed to buy them, put off his customers with false excuses, and converted the money to his own use, guarding it against attachment by putting it into the form of certificates of deposit. There was also evidence that either he, or his agents by his instructions, had made to some customers false and misleading statements by which they were induced to send or to pay to him money for stocks which it was falsely represented had been bought for them. There was certainly evidence for the jury on the question of false pretenses. And the jury might also find from his advertisements, his methods of business and correspondence with his customers, his false statements as to the purchases which he said that he had made, his false excuses for the non-delivery of stocks which he should have purchased but had not purchased, and his conduct as to the over-payments which many of his customers had made in advance, that his whole scheme was a fraud from the beginning, that his possession of the money and other property of his customers had been obtained by mere trickery with the present intent to convert it to his own use, that he had no rightful possession, and that the delivery to him was made without any intent to pass the title but merely to enable him to make the specific use of the money which was directed, so that in appropriating it he was guilty of larceny at common law. *Commonwealth* v. *Flynn,* 167 Mass. 460. *Commonwealth* v. *Rubin,* 165 Mass. 453. *Commonwealth* v. *Lannan,* 153 Mass. 287, 289. *Commonwealth* v. *Barry,* 124 Mass. 325.

It follows from what has been said that all of the defendant's requests for instructions which were not either waived or given

in substance, were rightly refused, and the case was properly submitted to the jury.

The motion in arrest of judgment was rightly denied. All the questions raised by it have been already sufficiently considered. Even apart from the provisions of R. L. c. 219, § 38, the motion could not have been allowed. There was no exception to the ruling that the jury might return a general verdict of guilty as to each count, upon the requisite proof, whether that verdict was reached upon one or another ground, if only it was reached upon one of the grounds submitted to them. The defendant was properly sentenced under R. L. c. 208, § 26, for the larcenies of which he had been convicted.

The defendant's exceptions must be overruled, and each of the orders appealed from must be affirmed.

*So ordered.*