COMMONWEALTH *vs.* FRANK MASSAD.

Worcester.    September 26, 1922. — October 9, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Pleading, Criminal,* Motion to quash, Complaint, Motion for particulars.

After an appeal to the Superior Court from a conviction upon a complaint in a district court, it is too late to object that the complaint is insufficient in form.

A complaint in a district court alleging that the defendant, when operating a motor vehicle on a certain designated public way, "did go away after knowingly colliding with and causing injury to a person without stopping and making known his name, residence and number of his motor vehicle, as required by law" is sufficient in form and is not open to the objection that the name of the person collided with and injured is not stated.

If the defendant named in the complaint above described had desired to be informed of the name of the person injured, upon request therefor he was entitled as of right to a statement of particulars for the purpose of obtaining that information.

COMPLAINT, received and sworn to in the Central District Court of Worcester on September 29, 1920, and alleging "That Frank Massad of said Worcester, on the twenty-ninth day of September in the year nineteen hundred and twenty at Worcester, in said County, the person operating a certain motor vehicle, to wit:

An automobile, upon a certain way — to wit: West Boylston Street, did go away after knowingly colliding with and causing injury to a person — without stopping and making known his name, residence and number of his motor vehicle, as required by law."

Upon appeal to the Superior Court, the action came on to be tried before *Fosdick,* J., and, before a jury was empanelled, the defendant moved that the complaint be quashed on the ground described in the opinion. The motion was denied. Evidence then was admitted subject to exceptions by the defendant, that one Lena Grauel was the person who was struck and injured by the automobile as alleged in the complaint. The defendant was found guilty, and alleged exceptions.

*J. H. Meagher, E. Zaeder & J. L. Bianchi,* for the defendant, submitted a brief.

*E. W. Baker,* Assistant District Attorney, (*C. B. Rugg,* Assistant District Attorney, with him,) for the Commonwealth.

CROSBY, J. Upon a complaint issued out of the Central District Court of Worcester, on September 29, 1920, the defendant was charged with operating an automobile upon a certain way, and that he went away, after knowingly colliding with and causing injury to a person, without stopping and making known his name, residence, and number of his motor vehicle, as required by law.

He was convicted and appealed to the Superior Court; at the trial and before the jury were impanelled, he filed a motion to quash the complaint on the ground that "it is indefinite, uncertain and vague and because it fails to state any offence contrary to the statutes of this Commonwealth, and because it fails to state the name of any person with whom the defendant is alleged to have collided or caused injury to." The motion was rightly overruled. It is too late to object in the Superior Court that a complaint filed originally in a district court is insufficient in form. R. L. c. 219, § 21 (see now G. L. c. 278, § 17). *Commonwealth* v. *Norton,* 13 Allen, 550. *Commonwealth* v. *Reid,* 175 Mass. 325, 328. *Commonwealth* v. *Galatta,* 228 Mass. 308, 311. If the motion had been seasonably filed, it could not properly have been allowed. The complaint follows the language of St. 1916, c. 290, § 22 (see now G. L. c. 90, § 24) and is sufficient. It describes with accuracy and certainty the offence set forth in the statute. It is not open to the

objection that the name of the person collided with and injured is not stated. R. L. c. 218, § 17 (now G. L. c. 277, § 17). *Commonwealth* v. *Hartford,* 193 Mass. 464, 468. *Commonwealth* v. *Bailey,* 199 Mass. 583. *Commonwealth* v. *Cornell,* 213 Mass. 135.

If the defendant desired to be informed of the name of the person injured, upon request therefor he was entitled as of right to a statement of particulars for the purpose of obtaining that information. R. L. c. 218, § 39 (see now G. L. c. 277, § 40). *Commonwealth* v. *Allison,* 227 Mass. 57, 61.

The evidence offered by the Commonwealth to show who the injured person was, and that she was struck and knocked down by an automobile operated by the defendant, was plainly admissible.

*Exceptions overruled.*