COMMONWEALTH *vs.* PASQUALE LOMBARDO.

Suffolk.    March 3, 1930. — March 24, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Abortion. Pleading, Criminal,* Indictment, Bill of particulars. *Practice, Criminal,* Motion to quash, Election, Requests, rulings and instructions, Arrest of judgment, New trial.

After the entry of a plea of not guilty to an indictment, the defendant cannot call in question the validity of the indictment by a motion to quash unless the plea by leave of court has been withdrawn.

An indictment, charging that the defendant, "with intent to procure the miscarriage of . . . [a certain woman], did unlawfully administer and advise and prescribe to her, and did cause to be taken by her, a certain medicine, to wit: pills, a more particular description of which is to the . . . [grand jurors] unknown," did not charge several different offences, but merely several acts which were contributing parts of the same offence; and the defendant was not entitled to have the indictment quashed on the ground of duplicity, nor to have the Commonwealth required to elect upon which of the acts alleged it would rely, nor, after a verdict of guilty, to have judgment arrested on the ground "that a general verdict of guilty has been entered on the indictment which in one count sets out several distinct crimes."

The defendant was not entitled as a matter of right to have the Commonwealth ordered to file a bill of particulars to the indictment above described.

At the trial of the indictment above described, the Commonwealth introduced in evidence a voluntary statement by the defendant to the effect that he had been intimate with the woman for about a year; that he had had sexual relations with her; that on a certain day she called him on the telephone and gave him information indicating that she thought she was pregnant; that he said "All right, I know some pills they told me about and I will get them for you"; that he bought a box of such pills and gave them to her; that there "were the directions written down"; that he thought the pills "would bring her around all right," told her so and gave them to her for that purpose; and that she called him afterwards and "said it was all right." Testimony by the defendant and the woman was to the effect that she was not pregnant; that she had not given the defendant to understand that she was pregnant; that she merely had requested him to do the errand of purchasing the pills as a favor to her; and that she used the pills on that occasion, and had used similar pills on several previous occasions, to relieve her of "cramps" from which she suffered. Other witnesses for the Common-

wealth testified to contradictory statements previously made by the woman. The trial judge denied a motion by the defendant that the jury be ordered to return a verdict of not guilty and refused rulings requested by the defendant in substance that there was no evidence warranting a finding beyond a reasonable doubt that he administered the pills to the woman or advised or caused her to take them. The judge instructed the jury that the mere buying of the pills for the woman would not be sufficient to warrant a verdict of guilty even though they were to be used by her for the purposes set forth in the indictment, unless the defendant "secured them for her and administered and prescribed them for her with the intent on his part to procure . . . [her] miscarriage." The jury found the defendant guilty. *Held,* that

(1) The instructions to the jury were full and accurate and sufficiently protected the defendant's rights;

(2) No error appeared, therefore, in the refusal of the rulings requested;

(3) The evidence warranted a verdict of guilty and the judge properly denied the defendant's motion.

No error appeared in the denial of a motion for a new trial of the indictment above described on the grounds that the verdict was against the law, the evidence and the weight of the evidence.

INDICTMENT, found and returned on October 8, 1929, and described in the opinion.

In the Superior Court, the defendant pleaded not guilty and thereafter filed a motion to quash the indictment, which was denied by *Williams,* J. The indictment thereupon was tried before *P. J. O'Connell,* J. The Commonwealth introduced in evidence a voluntary statement by the defendant to the effect that he had been intimate with Stella Bralobreski for about a year; that he had had sexual relations with her; that on a certain day she called him on the telephone and gave him information indicating that she thought she was pregnant; that he said "All right, I know some pills they told me about and I will get them for you"; that he bought a box of such pills and gave them to her; that there "were the directions written down"; that he thought the pills "would bring her around all right," told her so and gave them to her for that purpose; and that she called him afterwards and "said it was all right." Testimony by the defendant and Stella Bralobreski was to the effect that she was not pregnant; that she had not given the defendant to understand that she was

pregnant; that she merely had requested him to do the errand of purchasing the pills as a favor to her; and that she used the pills on that occasion, and had used similar pills on several previous occasions, to relieve her of "cramps" from which she suffered. Other witnesses for the Commonwealth testified to contradictory statements previously made by Stella Bralobreski.

Certain other motions filed by the defendant and denied by the trial judge, and material portions of the charge to the jury, are stated in the opinion. The judge refused rulings requested by the defendant that there was no evidence warranting a finding beyond a reasonable doubt that he administered pills to Stella Bralobreski, or that he advised her to take pills, or that he prescribed to her the taking of pills, or that he caused her to take pills. The defendant was found guilty. The motion in arrest of judgment was on the ground "that a general verdict of guilty has been entered on the indictment which in one count sets out several distinct crimes." The motion for a new trial was on the grounds that the verdict was against the law, against the evidence and against the weight of the evidence. The defendant filed an appeal with an assignment of errors under statutory provisions.

*D. M. Lyons*, for the defendant.

*F. T. Doyle*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. The indictment charged that the defendant, "with intent to procure the miscarriage of Stella Bralobreski, did unlawfully administer and advise and prescribe to her, and did cause to be taken by her, a certain medicine, to wit: pills, a more particular description of which is to the said Jurors unknown." On October 14, 1929, he pleaded "not guilty." On November 7 he filed a motion to quash, and also a motion for a bill of particulars. These motions were denied and the defendant excepted. He also made an oral motion that the Commonwealth be ordered to elect upon which of the methods "it will rely to prove the crime"; to the denial of this motion he excepted. He also filed a motion for the direction of a verdict of "not

guilty"; this motion was denied, subject to his exception. Other exceptions were filed by the defendant. He was found guilty.

The denial of the defendant's motion to quash was right. The motion was not filed until after the plea of "not guilty." It was then too late to attack the validity of the indictment. At common law, matter in abatement must be pleaded before a plea of "not guilty"; after such a plea it is too late to plead in abatement, and the same rule applies to a motion to quash. *Commonwealth* v. *Wakelin*, 230 Mass. 567. *Commonwealth* v. *Walsh*, 255 Mass. 317, 319. *Cooper* v. *State*, 64 Md. 40. *State* v. *Drury*, 13 R. I. 540. G. L. c. 278, § 17, which enacts, in so far as here material, that an objection to an indictment for a formal defect apparent on the face thereof shall be taken by demurrer or motion to quash "before a jury has been sworn in the Superior Court," does not change the rule. The motion to quash must be filed before the plea of "not guilty." What would be the effect of such motion seasonably filed, if the jurors were sworn without objection, we need not inquire. In the present case the defendant by his general plea could not of right rely on his motion to quash.

Even if the motion were seasonably filed there was no inconsistency in the indictment: the acts alleged were not different offences, they were contributing parts of the same crime. G. L. c. 272, § 19. In *Commonwealth* v. *Brown*, 14 Gray, 419, 420, 421, the defendant was found guilty under an indictment charging that he used an instrument with intent to cause Susan A. Webster to miscarry, thereby lacerating her womb; that he advised and ordered certain parties named to administer ergot to said Webster "and provided the ergot for the purpose, knowing it was dangerous to life, which ergot she according to his advice, order and command, took and swallowed into her stomach"; that he thrust his hand into her womb, "she being then pregnant with child," and thereby gave her mortal injuries: that Webster, "by means of so being cut . . . and lacerated by said instruments . . . and by means of having said ergot administered . . . and by means of Brown's

hand being so violently thrust into her womb," died.  In that case there was a motion to quash the indictment, the count being alleged to be "double, in various particulars," (1) by charging the defendant as principal in using the instrument and as an accessory in administering the ergot; (2) by charging him with three distinct offences, namely, in procuring the abortion (a) by the use of instruments, (b) by administering ergot, and (c) by violence applied by his hand.  It was held that the count was not bad for duplicity.  By the statute then under consideration "any means whatever" were inhibited; the same language in substance is contained in G. L. c. 272, § 19.  Mr. Justice Merrick speaking for the court in *Commonwealth* v. *Brown,* *supra,* at page 430, said: to procure an unlawful miscarriage "Many expedients may be resorted to and employed for this purpose, and several distinct and separate processes and operations may be actually used to accomplish it.  It is a well settled principle that when a statute makes two or more distinct acts, connected with the same transaction, indictable, each one of which may be considered as representing a stage in the same offence, those which are actually done in the course and progress of its commission may be coupled in one count."  The indictment in the case at bar was good.  *Commonwealth* v. *Eaton,* 15 Pick. 273.  *Commonwealth* v. *Thompson,* 116 Mass. 346.  *Commonwealth* v. *Ferry,* 146 Mass. 203.

There was no error in denying the defendant's motion for a bill of particulars.  This was a matter for the sound discretion of the trial judge.  The acts relied on were fully set out in the indictment; the defendant could not as of right demand further specifications.  *Commonwealth* v. *King,* 202 Mass. 379, 384.  *Commonwealth* v. *Anderson,* 245 Mass. 177, 184.  The defendant's motion requiring the Commonwealth to elect upon which of the methods alleged it relied was denied properly.  All the acts alleged were parts of one offence.  *Commonwealth* v. *Sullivan,* 146 Mass. 142.  *Commonwealth* v. *King, supra.*  In the charge to the jury they were told that the mere buying the pills for Stella Bralobreski would not be sufficient to warrant the de-

fendant's conviction even though they were to be used by the girl for the purposes set forth in the indictment, unless the defendant "secured them for her and administered and prescribed them for ·her with the intent on his part to procure a miscarriage of the girl." The defendant's rights were fully protected. He cannot complain that his request for a bill of particulars was refused.

There was evidence of the defendant's guilt; it was for the jury to decide whether he was guilty or not; there was no error in denying the motion for a directed verdict. His requests for rulings were properly denied: the jury were accurately and fully instructed. No error is disclosed in the denials of the motions for a new trial and in arrest of judgment. The defendant had a fair trial and there was no error in its conduct.

*Exceptions overruled.*