## EARL KELLAR v. THE STATE.

### No. 3543. Decided May 12, 1915.

**1.—Theft—Voluntary Return of Stolen Property.**

Where, upon trial of theft, the evidence showed that the defendant returned the alleged stolen property prior to the time that the indictment was returned, the court should have charged the provisions of article 1343, Code Criminal Procedure, as requested.

**2.—Same—Fraudulent Taking.**

Where, upon trial of misdemeanor theft, the evidence raised the issue as to whether the taking was fraudulent, the court should have submitted the same as requested.

**3.—Same—Borrowing—Charge of Court.**

Where, upon trial of misdemeanor theft, the evidence raised the issue of borrowing the alleged stolen property, this matter should have been properly submitted to the jury as requested.

Appeal from the County Court of Lamb. Tried below before the Hon. C. H. Curl.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $35 and fifteen days confinement in the county jail.

The opinion states the case.

*Austin C. Hatchell,* for appellant.—On question of fraudulent intent: Loza v. State, 1 Texas Crim. App., 488; Reed v. State, 8 id., 40; McDonald v. State, 33 Texas, 339; Blackburn v. State, 44 id., 457; Johnson v. State, 36 id., 375.

On question of temporary appropriations: Dunn v. State, 34 Texas Crim. Rep., 257; Johnson v. State, supra; Cain v. State, 49 Texas Crim. Rep., 360, 92 S. W. Rep., 808; Carroll v. State, 50 Texas Crim. Rep., 485, 98 S. W. Rep., 859.

On question of voluntary return of stolen property: Ingle v. State, 1 Texas Crim. App., 307; Bennett v. State, 13 S. W. Rep., 142; Stepp v. State, 20 S. W. Rep., 753.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of one gate of the value of $2, and his punishment assessed at confinement in the county jail for fifteen days and a fine of $35.

The bill of indictment was returned on the 23rd day of last December. It is made to appear by the record that prior to the time the indictment was returned appellant had carried the gate back to the place

where he took it from. He contends that under such circumstances, if it should be held that in taking the gate he was guilty of theft, as he voluntarily returned the property before the prosecution was instituted the court should have instructed the jury the provisions of article 1343, which provides that if the property taken under such circumstances as to constitute theft be returned before prosecution is commenced, the punishment shall be by fine only, not to exceed $1000. Appellant asked a special charge presenting this issue, which the court refused. Under the evidence in this case this article of the statute should have been given in charge to the jury, and the court erred in not doing so.

Again, the evidence in this case raises the issue of whether or not appellant was really guilty of theft in taking the gate. He admits taking the gate, but says he lived thirty-five miles from a town in which lumber could be purchased. That he was passing the Hyning place (under the control of the prosecuting witness, Mr. Silcott) and the gate in question was lying on the ground; that he needed a gate to fasten up some pigs, and he took it, intending to return it as soon as he could get to town to get some lumber to make him a gate. That the next day Dale McBride was going to Olton (where Mr. Silcott resided) and appellant requested him to tell Mr. Silcott that he had gotten the gate and intended to use it for a few days until he could go to Plainview and get some lumber; that he would then return the gate. It is admitted that McBride searched for Mr. Silcott to tell him, but failed to find him. It further appears that before prosecution was begun, appellant himself went to Olton, and, seeing Mr. Silcott at the postoffice, told him about taking the gate, and also told him the circumstances under which he had taken it, and that he would shortly return it. From the answer of Mr. Silcott appellant saw that Mr. Silcott was not pleased with his action, when he offered to pay Mr. Silcott for the gate, but Mr. Silcott would not sell it to him. Immediately upon his return home appellant carried the gate back to the Hyning place.

Theft is the fraudulent taking of property, with the intent to deprive the owner of the value of it, and with the intent to appropriate the property to one's own use and benefit, and if a jury should believe the testimony offered in behalf of appellant his acts would not constitute theft as defined by our Code. Of course, he had no right to take the gate without the consent of Mr. Silcott, but if he tells the truth, on account of the previous dealing between the parties he did not think there would be any objection to his taking and using the gate for a few days, and this issue being squarely made by the evidence, the question of appellant's intent in taking the gate should have been submitted to the jury under proper instructions.

The court also erred in defining "borrowing" as he did under the facts in this case. When the court instructed the jury one could not borrow property without the express consent of the owner, and then refused to submit appellant's defense, of want of felonious intent, the charge as given, under the evidence, was equivalent to peremptory instructions to find appellant guilty.

There are other questions in the case but we do not deem it necessary to discuss them.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*