PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANTONIO SANTIAGO, Defendant and Appellant.

No. 3260.   Argued December 1, 1927.—Decided February 10, 1928.

*E. Martínez Avilés* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

An information was filed by the district attorney against Antonio Santiago charging that on November 16, 1926, in the district of Arecibo he illegally, wilfully, maliciously and

with criminal intent, stole a horse valued at $150 belonging to Agustín Echeandía and Juan González.

The trial was to a jury who found a verdict of guilty and he was sentenced by the court to imprisonment for one year, from which judgment he took the present appeal, alleging the commission of various errors. The first error assigned is that the information does not charge him with larceny because it does not allege that he had the criminal intent of depriving the owners of the horse of its lawful possession permanently.

This information is sufficient without alleging that the defendant intended to deprive permanently the owners of the possession of the horse, for it follows the words of the statute and because it is therein stated that he stole the horse maliciously and with criminal intent, since stealing means the taking of personal property of another with intent to defraud or to deprive the owner thereof permanently of its use. *Com.* v. *Kelly,* 184 Mass. 320; *Kellar* v. *State,* 76 Tex. Crim. 602, 176 S. W. 723.

In the second ground of appeal it is alleged that the court erred in admitting at the trial the declaration made by the defendant before a justice of the peace, because it is not stated therein that he had given it freely and spontaneously. However, it appears from that sworn declaration that the defendant was informed by the justice of the peace of his right not to testify, but that if he did so it could be used at the trial; and in testifying before the jury the said justice stated that the defendant had testified before him voluntarily, therefore the alleged error does not exist.

The third assignment of error refers to the failure of the court to instruct the jury in regard to section 444 *a* of the Penal Code.

This section makes it a punishable offense to take or use temporarily vehicles, boats or animals without the permission of the owner; and though it is true that the trial court did

not instruct the jury in that respect, as the defendant testified at the trial that he had taken the horse with the intent to return it, contrary to his testimony before the justice of the peace when he testified that he had taken the horse in order to sell it to any purchaser, however, as the defendant failed to request the court to instruct the jury on that section, he can not now allege error on the part of the court for its failure to instruct the jury on that offense, as held by this court in *People* v. *Robles*, 10 P.R.R. 470; *People* v. *Dones*, 9 P.R.R. 423, and *People* v. *Llauger*, 14 P.R.R. 534.

The last error assigned by the appellant is that the judgment appealed from is erroneous because the verdict of the jury is contrary to the evidence.

This assignment of error has not been argued by the appellant in his brief. However, we have read the testimony given at the trial and find sufficient proof that the horse stolen was worth $150; that its owners kept it in a wire enclosure with a padlocked gate; that one of the wires had been removed and that the horse was found in the possession of the defendant to whom it had not been lent by its owners, and that the appellant offered to sell it; therefore, the error assigned does not exist.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.