EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO SANTIAGO, acusado y apelante.

No. 3260.—*Visto:* Diciembre 1, 1927. *Resuelto:* Febrero 10, 1928.

1. HURTO—PROCESO Y CASTIGO—"INDICTMENT" Y ACUSACIÓN FISCAL—INTENCIÓN CRIMINAL—INTENCIÓN DE PRIVAR AL DUEÑO DE LA COSA HURTADA.— Una acusación por hurto de mayor cuantía es suficiente sin alegar que el acusado tuvo la intención de privar permanentemente de la cosa hurtada —un caballo—a sus dueños cuando, además de seguir las palabras del estatuto, en ella se alega que el acusado *sustrajo* el caballo maliciosamente y con intención criminal.

2. DERECHO PENAL—EVIDENCIA—EVIDENCIA EN EL EXAMEN PRELIMINAR O EN JUICIO ANTERIOR—SU ADMISIBILIDAD EN EVIDENCIA—DECLARACIONES PRESTADAS POR EL PROPIO ACUSADO.—Alegado como error la admisión en evidencia de una declaración jurada prestada por el acusado ante el juez de paz fundado en que de ella no consta que se prestara libre y expontáneamente, cuando de dicha declaración aparece que el acusado fué advertido de su derecho a declarar o no y que, de hacerlo, podría utilizarse en el juicio, no existe el error alegado y menos cuando el propio juez de paz manifiesta, ante el jurado, que el acusado declaró ante él voluntariamente.

3. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—NECESIDAD DE QUE LAS OBJECIONES SE PRESENTEN EN LA CORTE INFERIOR—INSTRUCCIONES AL JURADO—OMISIÓN DE INSTRUIR EN GENERAL.—En proceso por hurto de mayor cuantía—sustracción de un caballo valorado en $150—si el acusado no solicita que la corte instruya al jurado respecto al artículo 444 *a* del Código Penal no puede luego alegar que la corte erró al no dar instrucción alguna sobre el delito previsto en dicho artículo.

4. DERECHO PENAL—APELACIÓN Y ERROR Y CERTIORARI—SEÑALAMIENTO DE ERRORES Y ALEGATOS—DE LOS ALEGATOS EN GENERAL—DISCUSIÓN DE ERRORES— OMISIÓN DE ARGUMENTARLOS Y EFECTO.—Cuando se alega que la sentencia es errónea por ser el veredicto contrario a las pruebas, y el acusado no argumenta tal error en su alegato, el Supremo no considerará el mismo; en el caso de autos, no obstante, se examina la prueba y se resuelve que no existía el error alegado.

SENTENCIA de *Luis Samalea,* J. (Arecibo), condenando al acusado
por delito de Hurto de mayor cuantía. *Confirmada.*

*E. Martínez Avilés,* abogado del apelante; *José E. Figueras,* abo-
gado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Antonio Santiago fué acusado por el fiscal del delito de
hurto de mayor cuantía imputándole que el 16 de noviem-
bre de 1926 y en el distrito de Arecibo, ilegal, voluntaria y
maliciosamente, con intención criminal, sustrajo un caballo
valorado en $150, propiedad de Agustín Echeandía y de
Juan González.

Celebrado el juicio ante un jurado éste lo declaró cul-
pable y fué condenado por la corte a sufrir la pena de un
año de presidio, contra cuya sentencia interpuso este re-
curso de apelación alegando la comisión de varios errores,
siendo el primero de ellos porque la acusación no le imputa
el delito de hurto pues no dice que tuviera la intención cri-
minal de privar a los dueños del caballo de su legítima pro-
piedad de una manera permanente.

[1] Esa acusación es suficiente sin alegar que el acusado
tuvo intención de privar permanentemente del caballo a sus
dueños, porque sigue las palabras del estatuto y porque
dice que sustrajo el caballo maliciosamente y con intención
criminal, pues sustracción (*stealing*) significa el tomar la
propiedad personal de otro con intención de defraudar o
privar a su propietario permanentemente de su uso. *Com.*
v. *Kelly,* 184 Mass. 320; *Kellar* v. *State,* 76 Tex. Cri. 602,
176 SW 723.

[2] En el segundo motivo del recurso se alega que hubo
error en admitir en el juicio la declaración prestada por el
acusado ante un juez de paz, porque no se hace constar en
ella que la prestó de su libre y espontánea voluntad. Sin
embargo, de esa declaración jurada aparece que el acusado
fué advertido por el juez de paz que él tenía el derecho de

no declarar pero que si lo hacía su declaración podía ser utilizada en el juicio; y declarando dicho juez ante el jurado manifestó que el acusado declaró ante él voluntariamente, por lo que no existe el error alegado.

[3] El tercer motivo de error es por no haber instruido la corte al jurado sobre el artículo 444 a del Código Penal.

En ese artículo se castiga como delito el uso o empleo temporal de vehículos, embarcaciones o animales sin autorización de su dueño; y aunque es cierto que la corte inferior no instruyó sobre él al jurado, habiendo declarado el acusado en el juicio que había cogido el caballo con el propósito de devolverlo, contrario a lo que declaró ante el juez de paz al que manifestó que lo cogió para venderlo a quien se lo comprara, sin embargo, como el acusado no solicitó que la corte instruyera al jurado respecto a tal artículo no puede ahora alegar que existe error por no haber dado la corte instrucciones sobre ese delito, según ha resuelto este tribunal en los casos de *El Pueblo* v. *Robles* 10, D.P.R. 496, *El Pueblo* v. *Dones,* 9 D.P.R. 470, y *El Pueblo* v. *Llauger,* 14 D.P.R. 549.

[4] Por último alega el apelante que la sentencia apelada es errónea porque el veredicto del jurado es contrario a las pruebas.

Ese motivo de error no ha sido argumentado por el apelante en su alegato, pero hemos leído las declaraciones prestadas en el juicio y encontramos prueba suficiente de que el caballo que motivó la acusación tiene un valor de $150; que sus dueños lo tenían en un corral cercado con alambre cuya puerta tenía candado; que uno de esos alambres fué despegado y que el caballo fué encontrado en poder del acusado, a quien no le fué prestado por los dueños, y que el apelante trató de venderlo, por lo que no existe el error alegado.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Texidor no intervino.